IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs September 19, 2001

## BARRY N. WADDELL v. STATE OF TENNESSEE

**Direct Appeal from the Criminal Court for Davidson County**
**No. 96-C-1372     Cheryl Blackburn, Judge**

---

**No. M2001-00096-CCA-R3-PC - Filed October 17, 2001**

---

The Appellant, Barry N. Waddell, proceeding *pro se*, appeals the Davidson County Criminal Court's summary dismissal of his petition for post-conviction relief. The post-conviction court found Waddell's petition was time-barred. On appeal, Waddell argues that: (1) his petition was timely filed, and (2) alternatively, if the petition was untimely filed, the statute of limitations was tolled under the holding of Dexter Williams v. State, 44 S.W.3d 464 (Tenn. 2001). After review, we affirm the judgment of the post-conviction court dismissing the petition.

**Tenn. R. App. P. 3; Judgment of the Criminal Court is Affirmed.**

DAVID G. HAYES, J., delivered the opinion of the court, in which GARY R. WADE, P.J. and JERRY L. SMITH, J., joined.

Barry N. Waddell, *Pro Se*, Tiptonville, Tennessee.

Paul G. Summers, Attorney General and Reporter; Michael Moore, Solicitor General; Kim R. Helper, Assistant Attorney General; Victor S. Johnson III, District Attorney General; and Roger Moore, Assistant District Attorney General, for the Appellee, State of Tennessee.

**OPINION**

**Factual Background**

On March 13, 1997, the Appellant, after a trial by jury, was convicted of two (2) counts of rape of a child and two (2) counts of aggravated sexual battery. He was sentenced to seventy (70) years in the Department of Correction. The Appellant filed a direct appeal challenging his convictions and sentence. On June 1, 1999, this court reduced the Appellant's sentence to sixty-six (66) years. *See* State v. Waddell, No. 01C01-9801-CR-00016 (Tenn. Crim. App. at Nashville, June 1, 1999). The case was not remanded to the trial court because the sentence, as modified, was imposed by this court after *de novo* review; therefore, additional proceedings were

not necessary. On August 17, 1999, the trial court entered the amended judgment form to reflect the action of the Court of Criminal Appeals.

On December 13, 1999, the Appellant's attorney informed the Appellant by letter that his direct appeal to the Court of Criminal Appeals had been denied, except for the sentence modification. Appellant's counsel further opined that a Rule 11 application for permission to appeal to the Tennessee Supreme Court would be futile and for this reason, advised the Appellant that he was terminating further representation. On August 4, 2000, the Appellant, incarcerated and proceeding *pro se,* mailed his petition for post-conviction relief seeking a delayed appeal of a Rule 11 application. The petition was received by the Davidson County Court Clerk's Office and filed on August 11, 2000. On December 12, 2000, the post-conviction court summarily dismissed the Appellant's petition for post-conviction relief as untimely filed in violation of the one (1) year statute of limitations.

## ANALYSIS

The Appellant argues that his post-conviction petition seeking a delayed appeal was timely filed.[1] In order for the Appellant's petition to be timely, it must have been filed within one (1) year of the date of the final action of the highest appellate court to which an appeal was taken. Tenn. Code Ann. § 40-30-202(a) (1997).[2] The Appellant's conviction became final on June 1, 1999, when the Court of Criminal Appeals affirmed the Appellant's convictions and modified his sentence, as this was the final action of the highest state appellate court to which an appeal was taken. Thus, under the Post-Conviction Act, the Appellant had until June 1, 2000, to file a petition for post-conviction relief. The Appellant did not file the instant petition until August 4, 2000, outside the applicable limitations period. Therefore, the Appellant's petition is time-barred.

In the alternative, the Appellant, citing Williams v. State, 44 S.W.3d 464 (Tenn. 2001), argues that assuming the petition was untimely, due process considerations should toll the statute of limitations because he may have been deprived by trial counsel of a reasonable opportunity to seek post-conviction relief. Specifically, the Appellant points to the following facts: (1) counsel unilaterally terminated the Appellant's right to file a Rule 11 appeal to the Tennessee Supreme

---

[1]The Appellant incorrectly points to Gibson v. State, 7 S.W.3d 47 (Tenn. Crim. App. 1998), asserting that "the Court of Criminal Appeals, sitting in Nashville, held that for (sic) a person in the Appellant's predicament, should first seek to file the delayed appeal and if then the Rule 11 [a]pplication was denied, at that point in time, the one year statute of limitations would then begin to run for the filing of a [p]etition [f]or [p]ost-conviction [r]elief to allege any constitutional violations involving the original conviction." Not only does the Appellant misstate the holding of Gibson, but Gibson involved a dissimilar factual scenario because, here, the Appellant never pursued a Rule 11 appeal.

[2]"A person in custody under a sentence of a court of this state must petition for post-conviction relief under this part within one (1) year of the date of the final action of the highest state appellate court to which an appeal is taken or, if no appeal is taken, within one (1) year of the date on which the judgment became final, or consideration of such petition shall be barred. The statute of limitations shall not be tolled for any reason, including any tolling or saving provision otherwise available at law or equity." Tenn. Code Ann. § 40-30-202(a) (1997).

Court by failing to notify the Appellant of the decision of the Criminal Court of Appeals until December 13, 1999, more than six months after the decision was issued; (2) counsel failed to formally withdraw as the attorney of record within fourteen (14) days after the final decision of the Court of Criminal Appeals as required by Tennessee Supreme Court Rule 14;[3] (3) and as further required by Rule 14, counsel failed to notify the Appellant in writing that the Appellant could file a *pro se* Rule 11 application for permission to appeal to the Tennessee Supreme Court.

In Williams, the Tennessee Supreme Court held that due process may require tolling of the statute of limitations for filing a post-conviction petition where the inmate/petitioner may have been deprived by his counsel of a reasonable opportunity to seek post-conviction relief. Id. at 467. Williams was remanded to the trial court "for an evidentiary hearing to determine (1) whether due process tolled the statute of limitations so as to give the [inmate/petitioner] a reasonable opportunity after the expiration of the limitations period to present his claim in a meaningful time and manner; and (2) if so, whether the [inmate/petitioner's] filing of the post-conviction . . . was within the reasonable opportunity afforded by the due process tolling." Id. at 471.

In Williams, the inmate/petitioner was convicted of first degree murder and sentenced to life imprisonment in 1993. Id. at 465. On January 9, 1995, his conviction was affirmed by the Court of Criminal Appeals. Id. Thereafter, trial counsel terminated representation. "The [inmate/petitioner] averred that his trial counsel failed to notify him of counsel's withdrawal from the case, or to explain to him his rights for filing a *pro se* petition to" the Tennessee Supreme Court. Id. Trial counsel filed a formal motion to withdraw on October 18, 1995, in which trial counsel sought permission for the [inmate/petitioner] to proceed with a delayed appeal to the Tennessee Supreme Court. Id. at 465-66. The trial court denied the request. Id. at 466. On November 8, 1999, trial counsel filed an application for permission to appeal to the Tennessee Supreme Court, which was denied as untimely. Id. Thereafter, on October 24, 1996, the inmate/petitioner, proceeding *pro se,* filed a petition for post-conviction relief. Id. The petition was dismissed by the post-conviction court without a full evidentiary hearing because the inmate/petitioner was unprepared to present evidence. Id. at 465.

---

[3]Tennessee Supreme Court Rule 14 governs withdrawal of counsel for indigent defendants. In this case, appellate counsel on direct appeal was retained. Tenn. R. Crim. P. 37(e), defines the duties of counsel regarding appeal:

> Retained counsel filing a notice of appeal, whether counsel be fully paid or not, shall represent the defendant on appeal, fully complying with all of the rules of the appellate court as to timely filing and appearances therein, and shall be allowed to withdraw as such counsel of record only for good cause and if application is made when such attorney is not delinquent in his or her duties.

See also, Tenn. Sup. Ct. R. 8, DR 2-110 (Withdrawal from Employment), Tenn. Ct. Crim. App. R. 12.

Although the Appellant acknowledges that he was advised by letter of December 13, 1999, of his retained counsel's termination of further representation, the case history of the direct appeal reflects that no withdrawal as counsel of record was ever entered as required by the above cited rules.

In the instant case, the Appellant argues that his case is exactly on point with <u>Williams</u>, and we should remand to the post-conviction court "for the [a]ppointment of [c]ounsel to represent the Appellant and for an [e]videntiary hearing to be [h]eld in [o]rder to determine if the facts as so alleged [warrant] the tolling of the one (1) year statute of limitations for filing the [p]etition. . . ." We disagree. In <u>Williams</u>, the inmate/petitioner averred that he believed trial counsel was continuing to represent him through the appeals process. The court remanded for an evidentiary hearing on grounds that the inmate/petitioner might "have been denied the opportunity to challenge his conviction in a timely manner through no fault of his own but because of the possible misrepresentation of counsel." <u>Id.</u> at 468.

The Appellant in the present case was not under the mistaken belief that he continued to be represented by trial counsel. The Appellant acknowledges on appeal he was aware on December 13, 1999, that his attorney was terminating any further representation. Although a Rule 11 application to the Tennessee Supreme Court was time-barred at the time trial counsel notified the Appellant of his withdrawal, the Appellant had a reasonable opportunity, six (6) months, in which to file a petition for post-conviction relief. His failure to file such a petition did not result from the misrepresentation of counsel. Rather, this failure resulted from the advice of a prison paralegal. The Appellant, based upon the advice of the prison paralegal, believed the date the trial court entered the amended judgment form, August 17, 1999, to be the date of final action triggering the one (1) year statute of limitations. However, as previously discussed, under Tenn. Code. Ann. §40-30-202(a) this is not the correct date of final action. The lack of knowledge of statute of limitations provisions does not excuse late filings. <u>Skinner v. State</u>, No. 02C01-9403-CC-0039 (Tenn. Crim. App. at Jackson, July 13, 1994), *perm. to appeal denied* (Tenn. 1994). Therefore, summary dismissal of the Appellant's petition was proper.

## CONCLUSION

Based upon the foregoing reasons, we find that the Appellant's petition for post-conviction relief is time-barred. Accordingly, the judgment of the post-conviction court summarily dismissing the petition is affirmed.

_____
DAVID G. HAYES, JUDGE