# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE
### JULY SESSION, 1998

FILED

September 30, 1998

Cecil W. Crowson
Appellate Court Clerk

DAVID L. GIBSON,                    )
                                    )    No. 01C01-9710-CC-00473
        Appellant                   )
                                    )    BEDFORD COUNTY
vs.                                 )
                                    )    Hon. CHARLES LEE, Judge
STATE OF TENNESSEE,                 )
                                    )    (Post-Conviction)
        Appellee                    )


For the Appellant:

**Curtis H. Gann**
Asst. Public Defender
P. O. Box 1119
Fayetteville, TN  37334


**John Harwell Dickey**
District Public Defender

For the Appellee:

**John Knox Walkup**
Attorney General and Reporter

**Elizabeth A. Marney**
Assistant Attorney General
Criminal Justice Division
450 James Robertson Parkway
Nashville, TN 37243-0493


**William Michael McCown**
District Attorney General

**Robert Crigler**
Asst. District Attorney General
One Public Square, STE 100
Shelbyville, TN  37160


OPINION FILED: _____

AFFIRMED; DELAYED APPEAL GRANTED WITH JUDGMENT IN CASE NO.
01C01-9503-CC-00099 VACATED AND REINSTATED


**David G. Hayes**
Judge

## OPINION

The appellant, David L. Gibson, appeals the denial of his petition for post-conviction relief by the Bedford County Circuit Court. A jury convicted him of attempted first-degree murder and imposed a $50,000 fine.[1] The trial judge sentenced him to twenty-two (22) years and nine (9) months as a range I standard offender. His conviction was affirmed on direct appeal to this court. See State v. Gibson, No. 01C01-9503-CC-00099 (Tenn. Crim. App. at Nashville, Jan. 26, 1996). The appellant filed a *pro se* petition for post-conviction relief in January 1997, which was subsequently amended after counsel was appointed. Following a hearing on the merits, the post-conviction court denied the appellant's petition for post-conviction relief.

From this denial, the appellant now appeals as of right asserting ineffectiveness of counsel at trial and on appeal, contending that counsel's performance was deficient for:

(1)  failing to gain his consent to waive the preliminary hearing;

(2)  failing to interview witnesses for either the defense or the State;

(3)  failing to subpoena witnesses for the defense;

(4)  failing to adequately prepare the appellant and the appellant's son, Eric, for direct and cross-examination;

(5)  failing to advise him of the range of punishment for the indicted offenses;

(6)  failing to advise him of a plea bargain offer from the prosecution a few days preceding trial;

---

[1]The appellant's conviction stems from the December 1994 attempted murder of Violet Tant, his ex-wife. Mr. Gibson shot the victim three times from his car, then exited the car and shot her again. At trial, the appellant admitted that he shot Ms. Tant because she had been allegedly having an affair with Tim Craig and had subsequently remarried Doug Tant.

2

(7)  failing to advise him of his Fifth Amendment right against self-incrimination;

(8)  failing to properly communicate with him during the trial;

(9)  failing to perfect appellant's permission to appeal to the supreme court or to advise him of his *pro se* rights to appeal with regard to the supreme court.

After a review of the record, we affirm the court's denial of post-conviction relief relative to the ineffective assistance of counsel at trial.  However, we find appellant's issue nine (9), requesting a delayed appeal of his original conviction to the supreme court, meritorious.  Accordingly, he is granted the right to seek a delayed appeal to the Tennessee Supreme Court.

## I. Delayed Appeal

First, we address the appellant's right to a delayed appeal.  The appellant avers that counsel was ineffective because he failed to apply for permission to appeal to the Tennessee Supreme Court, pursuant to Tenn. R. App. P. 11, or to explain to him his rights for filing a *pro se* petition to the supreme court of this state.  In an effort to comply with Rule 14, Tenn. Sup. Ct. R.,  counsel testified that a copy of the opinion and computer printouts from the Court of Criminal Appeals were mailed to the appellant on January 30, 1996, four days after the judgment was affirmed .  Although one of the printouts mailed to the appellant explained the procedure of appealing to the supreme court, counsel never explained specifically how to apply for a *pro se* permission to appeal.  Counsel never filed an application for permission to appeal on behalf of the appellant, nor did he file a motion to withdraw in the Court of Criminal Appeals.  The only other correspondence with the appellant was in a letter dated October 10, 1996, well after the time for permission to appeal had expired.

3

We cannot ignore the fact that this appellant was entitled to petition the supreme court for review of his conviction of attempted first-degree murder. Pursuant to Pinkston v. State, 668 S.W.2d 676, 677 (Tenn. Crim. App.), perm. to appeal denied, (Tenn. 1984), this court provided that, "unilateral termination of a direct appeal following first-tier review entitles a prospective appellant to relief in the form of a delayed appeal." See also Miles v. State, No. 03C01-9701-CC-00029 (Tenn. Crim. App. at Knoxville, Oct. 3, 1997); Patrick v. State, No. 02C01-9409-CC-00194 (Tenn. Crim. App. at Jackson, Feb. 15, 1995), perm. to appeal denied, (Tenn. July 3, 1995). Nor can we overlook the fact that the record reflects that the appellant did not receive appropriate protection of his rights to appeal *pro se* to the supreme court. The minimum requirements to assure that an appellant's due process rights are protected on appeal are defined in Rule 14, Tenn. Sup. Ct. R. See State v. Brown, 653 S.W.2d 765, 766-67 (Tenn. Crim. App. 1983); State v. Luster, No. 02C01-9409-CR-00205 (Tenn. Crim. App. at Jackson, July 19, 1995).

The post-conviction court found that the appellant's attorney failed to advise him of his right to appeal to the Tennessee Supreme Court from the Court of Criminal Appeals. The court further found that the appellant's right to supreme court review of his conviction was not properly protected under Rule 14, Tenn. Sup. Ct. R. Moreover, the proof in the record was undisputed that the appellant was denied the opportunity of review by the supreme court through no fault of his own. Although finding a factual basis for relief, the post-conviction court opined that it lacked the authority to vacate and reinstate the Court of Criminal Appeal's judgment. Specifically, the post-conviction court observed:

> [T]his Court is not empowered to grant the Defendant a delayed
> appeal from the . . . Court of Criminal Appeals' decision. It can,
> however, make a finding of fact that there is a due process problem,
> and the Court so finds. . . . [u]pon the appeal . . . of the Court's
> decision . . . the Court of Criminal Appeals can reinstate their judgment
> . . . .
>
> I can grant delayed appeals on appeals that could be taken from this
> Court. I do not believe I have the power to set aside the judgment of

4

the Court of [Criminal] Appeals . . . and then reinstate their judgment for that purpose.

While the trial court's position was correct under prior law, the 1995 Post-Conviction Procedure Act expressly provides the trial courts with the authority to grant a delayed appeal for second tier appellate review. See Tenn. Code Ann. § 40-30-213(a) (1997); Tenn. Sup. Ct. R. 28 § 9(D). See also Mendez v. State, No. 01C01-9703-CC-00076 (Tenn. Crim. App. at Nashville, Jun. 30, 1998). The State does not oppose the relief sought by the appellant. The appellant should be allowed to seek review by the supreme court on a delayed basis.

From a procedural aspect, we note at this juncture that the appellant in this appeal seeks relief in two different directions: (1) from the supreme court for second tier appellate review of his original conviction and (2) for a new trial pursuant to post-conviction relief. Our ruling in this case will have the effect of permitting two appeals to be entertained at the same time, i.e., a Rule 11 application to appeal from the original conviction and a Rule 11 application for permission to appeal from our ruling denying post-conviction relief. A petition for post-conviction relief, complaining of the original conviction and sentence, may not be maintained while a direct appeal of the same conviction and sentence is being prosecuted. See Laney v. State, 826 S.W.2d 117, 118 (Tenn. 1992); Jones v. State, 453 S.W.2d 433, (Tenn. Crim. App.), cert. denied, (Tenn. 1970); Crain v. State, 451 S.W.2d 695 (Tenn. Crim. App.), cert. denied, (Tenn. 1970); Hunter v. State, 443 S.W.2d 532 (Tenn. Crim. App.), cert. denied, (Tenn. 1969). See, e.g., Tenn. Code Ann. § 40-30-202(a) and (c) (1997).[2] Because a post-conviction petition may not be filed until the final judgment of the highest court has been entered, see Tenn. Code Ann. § 40-30-202, the instant petition for post-conviction relief was filed prematurely and should have been dismissed accordingly. Moreover, if the appellant's Rule 11 application for

---

[2] But see Miles v. State, No. 03C01-9701-CC-00029 (Tenn. Crim. App. at Knoxville, Oct. 3, 1997); State v. Luster, No. 02C01-9409-CR-00205 (Tenn. Crim. App. At Jackson, July 19, 1995) (permitting post-conviction and direct appeals to proceed simultaneously).

5

permission to appeal from his original conviction is granted and the ultimate holding by the supreme court is favorable to the appellant, this court's time has been wasted on an appellate issue which is rendered moot. See Laney, 826 S.W.2d at 118.

In those situations where an appellant seeks post-conviction relief both in the form of a new trial and a delayed appeal, we believe the better procedure is for the trial court to grant the delayed appeal, when warranted, and dismiss the collateral attack upon the conviction without prejudice. We are cognizant of the statutory provision which contemplates the filing of only one petition for post-conviction relief from a single judgment. Tenn. Code Ann. § 40-30-202(c). This statute provides that if a petition has been resolved on its merits, a subsequent petition must be summarily dismissed. Tenn Code Ann. §§ 40-30-202(c); 40-30-206(b). Conversely, we interpret this to mean that those petitions not resolved "on their merits" are not subject to dismissal. Id. This procedure would allow the appellant to pursue his post-conviction relief after review from the supreme court. The order of the supreme court denying an application for permission to appeal pursuant to Rule 11 shall be deemed a final judgment and the petition for post-conviction relief must be filed within one year of the date of this order; otherwise, the petition is barred. Tenn. Code Ann. § 40-30-202. However, due to the posture of the appellant's appeal before this court seeking redress in the form of a delayed appeal and a new trial, we have elected to address each of these issues in turn.

## II. Ineffective Assistance of Counsel

Again, the appellant asserts that he was denied effective representation at the trial level because of his counsel's failure to (1) gain his consent in waiving the preliminary hearing; (2) interview witnesses for either the State or defense; (3) subpoena witnesses for the defense; (4) prepare him and his son for direct and cross-examination; (5) advise the appellant of the range of punishment for the

6

indicted offenses; (6) advise the appellant of a plea bargain offer from the prosecution a few days preceding trial; (7) advise him of his Fifth Amendment right against self-incrimination; and (8) properly communicate with appellant during the trial.

The proof at the post-conviction hearing consisted solely of the testimony of the appellant and his trial counsel. After hearing the testimony of both witnesses, the trial court entered extensive findings of fact and conclusions of law, which, in relevant part, include:

> . . . Mr. Dearing has exhibited in his testimony a working knowledge of the State's case against his client. He had a trial strategy which was forcefully put forward during the course of the trial. . . . [I]t is obvious to the court that he did investigate this case fully and did discuss this matter with his client as well as the witnesses.

> So on that factual issue the Court will find that the facts are that Mr. Dearing conducted an effective investigation of this case well above that which would be necessary under Baxter v. Rose, that he did talk with his client about trial strategy.

> . . . [T] he court does not find any shortcomings with his performance.

> . . . [W]ith regard to the witness Craig that Mr. Dearing spoke with and made a tactical decision not to call him, that is not a question that in the court's mind affects the effectiveness of Mr. Dearing as an attorney.

> The facts of this case were overwhelming. You had a victim who survived a vicious and near fatal attack upon her person who identified the defendant as the perpetrator so the only defense he had, if any, was not guilty of what I'm charged with; I'm guilty of something else.

> To be successful in an ineffective assistance of counsel claim the defendant must show the attorney's performance was deficient. The defendant has not done that today in any respect whatsoever.

> The Court finds that . . . the trial strategies that counsel for the defense made during the course of the trial were the appropriate trial strategies; that he was prepared after having investigated the matter.

> With regard to the defendant's testifying, the defendant . . . has inconsistent positions. I wanted to tell my entire story. Then he says . . . my attorney made me get up there.

> Well, I don't think you could have tied Mr. Gibson with a team of mules to have kept him off that witness stand. . . . He wanted his forum to tell the world how sorry his ex-wife had been to him.

7

However, even so putting the petitioner on the witness stand was the correct trial strategy if the jury could develop some sympathy with him. To have a client who says my passions were so overwhelmed that caused me to shoot this woman four times and then for that person not to get on the witness stand to explain that to the jury would have been incompetent.

The trial strategy was correct. The Court finds that Mr. Dearing did advise the defendant of his rights.

The Court finds that there was no offer . . . communicated of 12 years. . . .

Mr. Dearing said there was no offer and the court makes that finding of fact.

In short the defendant has failed to carry his burden of proof with regard to the trial preparations and performance of counsel.

Since appellant's petition was filed on January 22, 1997, it is governed by provisions of the 1995 Post-Conviction Procedure Act. Thus, at the post-conviction hearing, the appellant bears the burden of establishing his allegations contained in the petition by clear and convincing evidence. Tenn. Code Ann. § 40-30-210(f) (1997). Findings of fact and conclusions of law made by the post-conviction court are given the weight of a jury verdict. Davis v. State, 912 S.W.2d 689, 697 (Tenn. 1995). Unless the evidence contained in the record preponderates against the judgment, this court is bound by those findings on appeal. Id. This court may not reweigh or reevaluate the evidence or substitute its inferences for those drawn by the trial court. Black v. State, 794 S.W.2d 752, 755 (Tenn. Crim. App. 1990).

To succeed in a challenge for ineffective assistance of counsel, the appellant must demonstrate that counsel's representation fell below the range of competence demanded of attorneys in criminal cases. Baxter v. Rose, 523 S.W.2d 930, 936 (Tenn. 1975). Under Strickland v. Washington, 466 U.S. 668, 686, 104 S.Ct. 2052, 2064 (1984), the appellant must establish (1) deficient representation and (2) prejudice resulting from the deficiency. See also State v. Melson, 772 S.W.2d 417, 419 n.2 (Tenn.), cert. denied, 493 U.S. 874, 110 S.Ct. 211 (1989).

In the case at bar, the post-conviction court found that the appellant failed to carry his burden of proof of clear and convincing evidence with regard to the trial preparations and performance of counsel. We conclude that there is no evidence contained within the record that preponderates against those findings.

Based upon the foregoing, we affirm the post-conviction court's denial of post-conviction relief relative to the ineffective assistance of counsel at trial, but the record preponderates a sufficient basis for relief in order to allow the appellant to seek review of this court's judgment by the supreme court in a delayed appeal. Therefore, we vacate our judgment filed on January 26, 1996, in State v. Gibson, No. 01C01-9503-CC-00099, and reenter it, effective as of the date of the release of this opinion, for the sole purpose of reinstating the time allowed to obtain permission to appeal to the Tennessee Supreme Court in the above styled case.

_____
DAVID G. HAYES, Judge

CONCUR:

_____
PAUL G. SUMMERS, Judge

_____
JERRY L. SMITH, Judge

9