IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs November 28, 2001

## MICHAEL DOUGLAS HUGHES v. STATE OF TENNESSEE

**Appeal from the Criminal Court for Davidson County**
**No. 92-A-184      Cheryl Blackburn, Judge**

---

**No. M2001-00888-CCA-R3-PC - Filed December 28, 2001**

---

The Defendant, Michael Douglas Hughes, entered a plea of no contest to one count of aggravated rape, and a plea of guilty to ten counts of aggravated rape, on November 30, 1992. On March 4, 1993, a sentencing hearing was held and the Defendant was sentenced for these crimes to an aggregate term of eighty years. The Defendant's trial counsel failed to timely perfect the Defendant's appeal, and on June 30, 1995, the Defendant filed a petition for post-conviction relief, seeking a delayed appeal. The delayed appeal was granted and this Court affirmed the Defendant's sentence. See State v. Michael Douglas Hughes, No. 01C01-9701-CR-00021, 1998 WL 301730, at *1 (Tenn. Crim. App., Nashville, June 10, 1998). The Tennessee Supreme Court denied the Defendant's application for permission to appeal on February 22, 1999. The Defendant filed the present petition for post-conviction relief on August 25, 1999, alleging ineffective assistance of counsel at his plea, sentencing, and on appeal; that his guilty plea is invalid because it was not made voluntarily, understandingly, and knowingly; and that the length of his sentence constitutes cruel and unusual punishment. The trial court dismissed the present petition on the grounds that it was not timely filed, that the grounds for relief have been waived, and that it does not contain grounds sufficient to constitute a motion to reopen the previous petition. The Defendant now appeals as of right. We reverse the trial court's ruling and remand this matter for an evidentiary hearing.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Reversed;**
**Remanded**

DAVID H. WELLES, J., delivered the opinion of the court, in which JERRY L. SMITH and NORMA MCGEE OGLE, JJ., joined.

R. Kirkland Moser, Nashville, Tennessee, for the appellant, Michael Douglas Hughes.

Paul G. Summers, Attorney General and Reporter; Renee W. Turner, Assistant Attorney General; Victor S. Johnson, District Attorney General; and Roger Moore, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

The Defendant has filed two petitions for post-conviction relief, the first on June 30, 1995, and the second on August 25, 1999. Normally, a defendant may bring only a single petition for post-conviction relief. See Tenn. Code Ann. § 40-30-202(c) ("[i]n no event may more than one (1) petition for post-conviction relief be filed attacking a single judgment.") However, the Defendant's initial petition sought only a delayed appeal because his trial counsel had failed to perfect his appeal from his sentence.[1] The relief sought was granted and the Defendant pursued his direct appeal. His endeavor eventually proved fruitless, and he thereupon filed the present petition for post-conviction relief, alleging several constitutional violations.

Where, as here, a defendant successfully seeks through post-conviction proceedings a delayed appeal on the grounds of ineffective assistance of counsel, this Court has held that any other allegations in the petition should be dismissed without prejudice pending the direct appeal. See Gibson v. State, 7 S.W.3d 47, 50 (Tenn.Crim.App. 1998). Such a dismissal would not be "on the merits," and a subsequent petition would therefore not be subject to summary dismissal. Id.; cf. Tenn. Code Ann. § 40-30-202(c) ("[i]f a prior petition has been filed which was resolved on the merits by a court of competent jurisdiction, any second or subsequent petition shall be summarily dismissed.") (emphasis added). Thus, should the delayed appeal prove unsuccessful, the defendant may then refile for post-conviction relief, alleging any substantive grounds he or she may have. Gibson, 7 S.W.3d at 50; see also State v. Rita Davis, Nos. 13809, 14296, 2001 WL 1398138, at *2 (Tenn. Crim. App., Nashville, Nov. 9, 2001) (holding that, where the post-conviction petitioner sought both a delayed appeal and the setting aside of her conviction on constitutional grounds, the post-conviction court should have granted the delayed appeal and dismissed the collateral attack without prejudice, allowing the petitioner to refile her petition for post-conviction relief alleging all cognizable claims within one year of the date of the final action of the highest state appellate court to which she took her appeal).

The trial court's determination that the present petition is time-barred is erroneous. The Defendant pursued his delayed appeal to the Tennessee Supreme Court. That court denied the Defendant's application for permission to appeal on February 22, 1999. The Defendant thereupon had one year in which to file his petition for post-conviction relief. See Tenn. Code Ann. § 40-30-202(a). The Defendant filed the instant petition on August 25, 1999, within the one year statute of limitations. The filing was therefore timely.

We furthermore do not agree with the trial court that the Defendant has waived the grounds for relief asserted in the present petition. We acknowledge that the Post-Conviction Procedure Act of 1995 provides that

> [a] ground for relief is waived if the petitioner personally or through an attorney failed to present it for determination in any proceeding before a court of competent jurisdiction in which the ground could have been presented unless:

---

[1] The initial petition states, in pertinent part, "[i]n this case, Petitioner was unconstitutionally denied his right to appeal his case due to the fact that counsel for Petitioner failed to file a timely Notice of Appeal in this case. . . . Provisions of T.C.A. 40-30-120 [sic], direct that a Petitioner who is denied his right to appeal is entitled to a delayed appeal. In this cause, Petitioner, Michael Douglas Hughes hereby requests relief, pursuant to this Statute."

(1)  The claim for relief is based upon a constitutional right not recognized as existing at the time of trial if either the federal or state constitution requires retroactive application of that right; or
(2)  The failure to present the ground was the result of state action in violation of the federal or state constitution.

Tenn. Code Ann. § 40-30-206(g).  However, even had the Defendant raised his current grounds for relief in his prior petition, they would have been dismissed without prejudice upon the granting of the delayed appeal.  See Gibson, 7 S.W.3d at 50 ("[i]n those situations where an appellant seeks post-conviction relief both in the form of a new trial and a delayed appeal, we believe the better procedure is for the trial court to grant the delayed appeal, when warranted, and dismiss the collateral attack upon the conviction without prejudice.  . . . This procedure would allow the appellant to pursue his post-conviction relief after review from the supreme court.")  That is, once the Defendant was granted a delayed appeal, he would have been unable to pursue these additional grounds for relief in conjunction with his initial filing.  "A petition for post-conviction relief, complaining of the original conviction and sentence, may not be maintained while a direct appeal of the same conviction and sentence is being prosecuted."  Id. at 49.

The statutory provision regarding waiver speaks to grounds which "could have been presented."  Tenn. Code Ann. § 40-30-206(g).  We interpret this to mean grounds which could have been presented for review on their merits.  Under the circumstances of the Defendant's initial petition, such review was not available.  Moreover, as this Court has previously noted, "all of the petitioner's potential claims for post-conviction relief will not be apparent until the conclusion of his delayed appeal."  Michael Todd Drinnon v. State, No.  E1999-2001-CCA-R3-PC, 2000 WL 1478568, at *4 (Tenn. Crim. App., Knoxville, Oct. 6, 2000).  Indeed, the present petition's claim of ineffective appellate counsel could not have been included in the original petition.  Accordingly, we find that the Defendant has not waived his present claims for relief by failing to include them in his petition seeking a delayed appeal.

Finally, for the reasons set forth above, the instant petition should not be viewed as a motion to reopen a prior petition.  Application of the statutory provisions regarding such motions[2] in order to summarily dismiss the Defendant's present petition is therefore erroneous.

In conclusion, the Defendant's instant petition was timely filed and alleges grounds for relief which have not been waived.[3]  The petition must therefore be reviewed on its merits and further appropriate proceedings undertaken.  See Tenn. Code Ann. § 40-30-209.  Accordingly, we must

---

[2] See Tenn. Code Ann. § 40-30-217.

[3] The State also contends that the Defendant's current claims of ineffective assistance of counsel in conjunction with his pleas and sentencing have been "previously determined" because his initial petition alleged ineffective assistance of counsel for failure to timely perfect his direct appeal.  See Tenn. Code Ann. § 40-30-206(h).  We reject this contention.

reverse the trial court's dismissal of the instant petition and remand this matter for further proceedings consistent with this opinion.

_____

DAVID H. WELLES, JUDGE