IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs June 19, 2002

## DONNIE W. FOULKS v. STATE OF TENNESSEE

**Direct Appeal from the Criminal Court for Greene County**
**No. 01CR223     James E. Beckner, Judge**

_____

**No. E2002-00224-CCA-R3-PC**
**October 9, 2002**
_____

The petitioner, Donnie W. Foulks, appeals the summary dismissal of his petition for post-conviction relief. The post-conviction court, citing Tennessee Code Annotated section 40-30-202(c) (1997), determined that the petitioner had previously filed a petition for post-conviction relief and was therefore precluded from seeking relief in a second proceeding. Concluding that the post-conviction court failed to consider that the petitioner's first post-conviction petition was not resolved on the merits, we reverse the judgment of the post-conviction court and remand for further proceedings.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court is Reversed.**

NORMA MCGEE OGLE, J., delivered the opinion of the court, in which GARY R. WADE, P.J., and DAVID H. WELLES, J., joined.

Donnie W. Foulks, Mountain City, Tennessee, Pro se.

Paul G. Summers, Attorney General and Reporter; Thomas E. Williams, III, Assistant Attorney General; and C. Berkeley Bell, Jr., District Attorney General, for the appellee, State of Tennessee.

### OPINION
### I.  Factual Background

In December 1996, the petitioner was convicted of second degree murder and sentenced to twenty-five years in confinement. On August 17, 1998, this court affirmed the petitioner's conviction and sentence. State v. Donnie Wayne Foulks, No. 03C01-9705-CR-00194, 1998 Tenn. Crim. App. LEXIS 864 (Knoxville, Aug. 17, 1998). Following this court's decision, the petitioner's counsel did not withdraw from further representation of the petitioner pursuant to Tennessee Supreme Court Rule 14 and did not seek to appeal this court's judgment to the supreme court pursuant to Rule 11, Tennessee Rules of Appellate Procedure.

On May 12, 1999, the petitioner filed a pro se petition for post-conviction relief and asserted, among other grounds, that his counsel was ineffective for failing to notify the petitioner of this court's adverse decision and also for failing to file an application for permission to appeal to the

supreme court. The post-conviction court denied relief and the petitioner timely filed a notice of appeal to this court on July 3, 2000. This court entered an order on July 2, 2001, which vacated and reentered its judgment of August 17, 1998, "for the sole purpose of reinstating the time allowed for the petitioner to seek second-tier appellate review in the Tennessee Supreme Court." The order further provided, "[t]he petition for post-conviction relief filed in trial court case no. 99CR079 and the remaining claims raised therein shall be dismissed without prejudice." On November 5, 2001, the petitioner's application for permission to appeal his conviction was denied by the Tennessee Supreme Court.

On December 31, 2001, the petitioner filed the present petition for post-conviction relief, alleging ineffective assistance of counsel at trial and on appeal. On January 11, 2002, the post-conviction court summarily dismissed the instant petition, citing Tennessee Code Annotated section 40-30-202(c) and concluding that because the petitioner had previously filed a petition for post-conviction relief on May 12, 1999, he was precluded from filing the instant petition. Furthermore, the petitioner's motion to reconsider was denied on January 18, 2002. The petitioner timely appealed the post-conviction court's ruling, alleging that because his first petition for post-conviction relief was not decided on its merits, the post-conviction court erred in dismissing his second post-conviction petition. The State concedes that the trial court erred in summarily dismissing the petition on the basis of Tennessee Code Annotated section 40-30-202(c). We agree.

## II. Analysis

Generally, the Post-Conviction Procedure Act provides for the filing of only one petition for post-conviction relief. Tenn. Code Ann. § 40-30-202(c) (1997). However, when a petitioner is granted a delayed appeal through post-conviction proceedings, this court has concluded that any other allegations in the petition should be dismissed without prejudice pending the direct appeal. Hughes v. State, 77 S.W.3d 801, 802 (Tenn. Crim. App. 2001). In Gibson v. State, 7 S.W.3d 47, 50 (Tenn. Crim. App. 1998), this court provided guidance to the post-conviction court when addressing petitions in which the request for a delayed appeal has been consolidated with an attack on the conviction. This court concluded:

> the better procedure is for the trial court to grant the delayed appeal, when warranted, and dismiss the collateral attack upon the conviction without prejudice. We are cognizant of the statutory provision which contemplates the filing of only one petition for post-conviction relief from a single judgment. Tenn. Code Ann. § 40-30-202(c). This statute provides that if a petition has been resolved on its merits, a subsequent petition must be summarily dismissed. Tenn. Code Ann. §§ 40-30-202(c); 40-30-206(b). Conversely, we interpret this to mean that those petitions not resolved "on their merits" are not subject to dismissal. [Id.] This procedure would allow the [petitioner] to pursue his post-conviction relief after review from the supreme court.

Id.

Although the petitioner filed two petitions for post-conviction relief, the first was clearly not determined on its merits. As noted, this court's order of July 2, 2001, dismissed the first petition for post-conviction relief without prejudice and provided that the petitioner would be allowed "to pursue post-conviction relief following review by the supreme court." Therefore, we conclude that the post-conviction court erred in summarily dismissing the petitioner's claim for relief. The post-conviction court is required to review the petition on its merits in accordance with Tennessee Code Annotated section 40-30-209 (1997).

### III. Conclusion

Accordingly, the judgment of the post-conviction court is reversed and this matter is remanded for further proceedings consistent with this opinion.

_____
NORMA McGEE OGLE, JUDGE