IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs February 3, 2004

## MICHAEL D. HUGHES v. STATE OF TENNESSEE

**Appeal from the Criminal Court for Davidson County**
**No. 92-A-184    Cheryl Blackburn, Judge**

_____

**No. M2003-00819-CCA-R3-PC - Filed May 10, 2004**

_____

On November 30, 1992, the petitioner, Michael Douglas Hughes, entered a plea of no contest to one (1) count of aggravated rape and a plea of guilty to ten (10) counts of aggravated rape.  He received an effective eighty-year sentence after a sentencing hearing.  The petitioner's sentence was affirmed in a delayed appeal.  See State v. Michael Douglas Hughes, No. 01C01-9701-CR-00021, 1998 WL 301730, at *1 (Tenn. Crim. App. at Nashville, June 10, 1998), perm. to appeal denied (Tenn. Feb. 22, 1999).  The petitioner sought post-conviction relief on various grounds.  After the trial court denied the petition as untimely, the petitioner appealed.  This Court reversed the trial court's dismissal of the petition and remanded for an evidentiary hearing.  See Hughes v. State, 77 S.W.3d 801 (Tenn. Crim. App. 2001).  On remand, the trial court denied the petition after an evidentiary hearing.  The petitioner then presented this appeal, arguing that the trial court erred finding that the petitioner received the effective assistance of counsel and that his guilty plea was knowingly and voluntarily entered.  We affirm the dismissal of the petition.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Trial Court is Affirmed.**

JERRY L. SMITH, J., delivered the opinion of the court, in which DAVID H. WELLES and THOMAS T. WOODALL, JJ., joined.

David R. Heroux, Nashville, Tennessee, for the appellant, Michael D. Hughes.

Paul G. Summers, Attorney General & Reporter; Brent C. Cherry, Assistant Attorney General; Victor S. Johnson, District Attorney General; and Roger Moore, Assistant District Attorney General, for the appellee, State of Tennessee.

# OPINION

## FACTUAL BACKGROUND

The petitioner was indicted in 1992 by a Davidson County Grand Jury on eleven (11) counts of aggravated rape committed through the unlawful sexual penetration of a child less than thirteen (13) years of age. He entered a plea of no contest to one (1) count of aggravated rape and a plea of guilty to ten (10) counts of aggravated rape. After a sentencing hearing, the trial court sentenced the petitioner to twenty (20) years for each count, with the sentences for four (4) of the counts to run consecutively to each other and the remaining counts to be served concurrently to each other for a total effective sentence of eighty (80) years.

The petitioner's trial counsel failed to timely perfect an appeal, thus the petitioner filed a petition for post-conviction relief in which he sought a delayed appeal. This Court granted the delayed appeal and affirmed the sentence imposed by the trial court. State v. Michael Douglas Hughes, 1998 WL 301730, at *1. The Tennessee Supreme Court denied the petitioner's application for permission to appeal in February of 1999.

The petitioner then filed a second petition for post-conviction relief on August 25, 1999, alleging ineffective assistance of counsel at his plea, sentencing, and on appeal; that his guilty plea was not entered voluntarily, understandingly, or knowingly; and that the length of his sentence constituted cruel and unusual punishment. The trial court dismissed the petition on the basis that it was not timely filed, that the grounds for relief had been waived, and that it did not contain grounds sufficient to constitute a motion to reopen the previous petition. The petitioner appealed and this Court determined that the trial court erred in dismissing the petition for post-conviction relief because, although the petitioner had filed two petitions for post-conviction relief,

> . . . the initial petition sought only a delayed appeal because his trial counsel had failed to perfect his appeal from his sentence. The relief sought was granted and the Defendant pursued his direct appeal. His endeavor eventually proved fruitless, and he thereupon filed the present petition for post-conviction relief, alleging several constitutional violations. Where, as here, a defendant successfully seeks through post-conviction proceedings a delayed appeal on the grounds of ineffective assistance of counsel, this Court has held that any other allegations in the petition should be dismissed without prejudice pending the direct appeal. See Gibson v. State, 7 S.W.3d 47, 50 (Tenn. Crim. App. 1998). Such a dismissal would not be "on the merits," and a subsequent petition would therefore not be subject to summary dismissal. Id.; cf. Tenn. Code Ann. § 40-30-202(c) ("[i]f a prior petition has been filed which was resolved on the merits by a court of competent jurisdiction, any

second or subsequent petition shall be summarily dismissed.") (emphasis added). Thus, should the delayed appeal prove unsuccessful, the defendant may then refile for post-conviction relief, alleging any substantive grounds he or she may have.

Hughes, 77 S.W.3d at 802-03. As a result of the trial court's erroneous dismissal of the petition, this Court reversed and remanded the dismissal of the petition for a review on the merits.

### Post-Conviction Hearing

On remand, the trial court held an evidentiary hearing. The court denied the petition after hearing testimony from the petitioner and his trial counsel. The evidence at the hearing consisted of the following.

The petitioner testified that he retained trial counsel to represent him in a divorce action and subsequently on the criminal charges stemming from the multi-count indictment for the aggravated rape of his step-daughter. The petitioner admitted that the first plea agreement reached between trial counsel and the State was rejected by the trial court approximately three days prior to the scheduled trial. He understood that the first plea agreement provided for a twenty-year sentence with no consecutive sentencing in exchange for a plea of guilty on one count of aggravated rape and one count of aggravated sexual battery. The second and final plea petition was prepared after that time. The petitioner admits that he read the second plea petition on a wooden bench outside the courtroom prior to the entry of the plea and asked trial counsel any questions he had regarding the plea at that time. The petitioner claims that trial counsel spoke with him about the possibility of consecutive sentencing only in the context of going to trial. The petitioner was under the impression at the time of the plea that he was going to "get between a 15 and 25-year sentence" total, rather than a potential fifteen (15) to twenty-five (25) year sentence on each count of the plea. The petitioner testified that he

> understood that [he] was going to go before the Judge and have a hearing, a sentencing hearing, and all the facts would be brought out as far as the hearing is concerned, and [his] potential liability would be between 15 and 25 years, which would be determined by the Judge, and those sentences would be served concurrently.

At the plea hearing, the petitioner claims that during the colloquy with the trial court, the court did not explain that there was a possibility of a consecutive sentence. He admits that he did not ask any questions regarding sentencing during the plea hearing, but claims that he was under the impression that the only issue regarding sentencing was a determination of the length of the sentence in the 15 to 25-year range. He claims that he was afraid of the trial judge and that he was "very nervous and very scared" during the plea hearing. The petitioner testified that the trial judge explained during the colloquy that consecutive sentencing would only be possible in the event that he elected to be tried by a jury. The petitioner further testified that the only reason he pled guilty was that he thought he would not get consecutive sentences and that if he had known he was exposed to

-3-

such lengthy consecutive sentencing, he would not have entered the plea, but would have asked for a jury trial.

Trial counsel testified that he had been licensed to practice law in Tennessee since 1970 and that he was retained to represent the petitioner during the course of the investigation prior to the indictment. At the time, trial counsel also represented the petitioner in a divorce proceeding. He testified that he explained to the petitioner not only verbally, but also in writing, that the trial court had the discretion to sentence him up to 275 years for the guilty plea because there was no recommended sentence in conjunction with the plea agreement. He memorialized his explanation of the plea in writing and the petitioner reviewed and signed that document. This document, entitled "Acknowledgment of Legal Advice and Discussion" ("Acknowledgment") was drafted after the trial court rejected the first plea agreement to address both the possibility of trial and the possibility of further plea negotiations. One of the primary issues addressed in the Acknowledgment is sentencing. In particular, the Acknowledgment states that "the court has the power to impose consecutive sentences within its discretion because of the nature of the charges and claimed duration of offenses over time." At the end of the Acknowledgment, the petitioner signed to indicate his understanding of its contents and wrote the following instructions:

> Under no circumstances do I want [the victim and her mother] to be put through the agony or embarrassment of being made to testify. Please take whatever action is necessary to insure [sic] that this happens. I prefer to plead guilty to one count of aggravated rape and no contest to the rest of the charges, if necessary to avoid a trial, or at the very extreme a plea of guilty to all charges. If I had to testify, I will testify in a way that will likely produce at least a conviction on three counts of aggravated sexual battery and one count of aggravated rape. This I believe [illegible word] court would be inflamed to give me a more severe sentence because of a trial.

Trial counsel never felt like he had difficulty communicating with the petitioner and even described him as "a very intelligent man" with several years of college education who was "in charge of a large business, one of these super warehouses that sell home products, Home Depot or Lowe's."

At the conclusion of the hearing, the trial court denied the petition. On appeal, the petitioner seeks review of the following issues: (1) whether the petitioner received ineffective assistance of counsel; and (2) whether the guilty plea was made knowingly, understandingly, and voluntarily.

Post-Conviction Standard of Review

The post-conviction court's findings of fact are conclusive on appeal unless the evidence preponderates otherwise. See State v. Burns, 6 S.W.3d 453, 461 (Tenn. 1999). During our review of the issues raised, we will afford those findings of fact the weight of a jury verdict, and this Court is bound by the post-conviction court's findings unless the evidence in the record preponderates against those findings. See Henley v. State, 960 S.W.2d 572, 578 (Tenn. 1997); Alley v. State, 958 S.W.2d 138, 147 (Tenn. Crim. App. 1997). This Court may not reweigh or re-evaluate the evidence,

nor substitute its inferences for those drawn by the post-conviction court. See State v. Honeycutt, 54 S.W.3d 762, 766 (Tenn. 2001). However, the post-conviction court's conclusions of law are reviewed under a purely de novo standard with no presumption of correctness. See Fields v. State, 40 S.W.3d 450, 458 (Tenn. 2001).

## Ineffective Assistance of Counsel

When a petitioner seeks post-conviction relief on the basis of ineffective assistance of counsel, the petitioner bears the burden of showing that (a) the services rendered by trial counsel were deficient and (b) that the deficient performance was prejudicial. See Powers v. State, 942 S.W.2d 551, 558 (Tenn. Crim. App. 1996). In order to demonstrate deficient performance, the petitioner must show that the services rendered or the advice given was below "the range of competence demanded of attorneys in criminal cases." Baxter v. Rose, 523 S.W.2d 930, 936 (Tenn. 1975). In order to demonstrate prejudice, the petitioner must show that there is a reasonable probability that, but for counsel's deficient performance, the result of the proceeding would have been different. See Strickland v. Washington, 466 U.S. 668, 694 (1984). "Because a petitioner must establish both prongs of the test to prevail on a claim of ineffective assistance of counsel, failure to prove either deficient performance or resulting prejudice provides a sufficient basis to deny relief on the claim." Henley v. State, 960 S.W.2d 572, 580 (Tenn. 1997).

As noted above, this Court will afford the post-conviction court's factual findings a presumption of correctness, rendering them conclusive on appeal unless the record preponderates against the court's findings. See id. at 578. However, our supreme court has "determined that issues of deficient performance by counsel and possible prejudice to the defense are mixed questions of law and fact . . . ; thus, [appellate] review of [these issues] is de novo" with no presumption of correctness. Burns, 6 S.W.3d at 461.

Furthermore, on claims of ineffective assistance of counsel, the petitioner is not entitled to the benefit of hindsight. See Adkins v. State, 911 S.W.2d 334, 347 (Tenn. 1994). This Court may not second-guess a reasonably-based trial strategy, and we cannot grant relief based on a sound, but unsuccessful, tactical decision made during the course of the proceedings. See id. However, such deference to the tactical decisions of counsel applies only if counsel makes those decisions after adequate preparation for the case. See Cooper v. State, 847 S.W.2d 521, 528 (Tenn. Crim. App. 1992).

In the case herein, the petitioner argues on appeal that he was denied effective assistance from counsel because counsel failed to explain that the petitioner was potentially subject to consecutive sentences. The State counters that the petitioner failed to show clear and convincing evidence that trial counsel was ineffective and that the petitioner admitted he desired to avoid a trial on the merits and was made aware of the possibility of consecutive sentencing.

After listening to the testimony at the post-conviction hearing, the trial court determined that the petitioner failed to demonstrate by clear and convincing evidence that counsel performed

deficiently because there was written documentation in the form of the Acknowledgment, signed by the petitioner, that counsel discussed the possibility of consecutive sentencing with the petitioner and trial counsel's testimony bolstered the contents of the Acknowledgment. Further, the trial court found that even if counsel's conduct was deficient, the petitioner has failed to demonstrate that he was prejudiced by counsel's performance.

In order for the petitioner to prevail herein, he must show, by clear and convincing evidence, that his attorney failed to properly advise him of the possible consequences of his plea and that trial counsel's failure to do so resulted in prejudice. Once a guilty plea has been entered, effectiveness of counsel is relevant only to the extent that it affects the voluntariness of the plea. In this respect, such claims of ineffective assistance necessarily implicate the principle that guilty pleas be voluntarily and intelligently made. See Hill v. Lockhart, 474 U.S. 52, 56 (1985) (citing North Carolina v. Alford, 400 U.S. 25, 31 (1970)). As stated above, in order to successfully challenge the effectiveness of counsel, the petitioner must demonstrate that counsel's representation fell below the range of competence demanded of attorneys in criminal cases. See Baxter, 523 S.W.2d at 936. Under Strickland v. Washington, 466 U.S. at 687, the petitioner must establish (1) deficient representation and (2) prejudice resulting from the deficiency. However, in the context of a guilty plea, to satisfy the second prong of Strickland, the petitioner must show that "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill, 474 U.S. at 59; see also Walton v. State, 966 S.W.2d 54, 55 (Tenn. Crim. App. 1997).

The record does not preponderate against the finding that trial counsel was effective. Implicit in the post-conviction court's findings and conclusions was that the court accredited the testimony of trial counsel rather than that of the petitioner. "[Q]uestions of credibility of the witnesses, the weight and value of the evidence, and resolution of conflicts in the evidence are matters entrusted to the trial judge as the trier of fact." State v. Odum, 928 S.W.2d 18, 23 (Tenn. 1996). The trial court accepted as true the testimony of trial counsel concerning the circumstances of the plea and the conversations leading up to that decision, including the signing of the Acknowledgment by the petitioner. The Acknowledgment explained that the petitioner was subject "to a sentence ranging from fifteen years to two hundred seventy-five years, the maximum sentence for each of eleven convictions for aggravated rape with the sentences to run consecutively." The petitioner admitted that he entered his plea with the knowledge that there was no recommended sentence from the prosecutor. It is apparent from the handwritten addendum to the Acknowledgment that the motivating factor in the petitioner's having pled guilty to an open indictment was to avoid a trial and avoid putting the victim or her mother through the "agony or embarrassment of being made to testify." He even instructed trial counsel to "take whatever action is necessary to insure that this [avoiding a trial] happens." Further, the testimony showed that trial counsel never discouraged the petitioner from asking questions at the guilty plea hearing.

As stated previously, this Court affords the post-conviction court's factual findings a presumption of correctness, rendering them conclusive on appeal unless the record preponderates

against the court's findings. After a de novo review, we conclude that the evidence in the record does not preponderate against the trial court's decision that trial counsel was effective.

Voluntary and Knowing Guilty Plea

The second issue raised by the petitioner in this post-conviction appeal questions the knowing and voluntary nature of his guilty plea. The petitioner maintains that based on the "lack of advice received from his trial counsel, based on the language of the plea petition, and based on the plea colloquy with the Court at the time he entered his pleas" he has demonstrated that he was not aware he was subject to consecutive sentencing and as such, did not understand the consequences of his pleas. The State argues that the petitioner has failed to show that his pleas were anything but voluntarily and knowingly entered.

When evaluating the knowing and voluntary nature of a guilty plea, the United States Supreme Court has held that "[t]he standard was and remains whether the plea represents a voluntary and intelligent choice among the alternative courses of action open to the defendant." Alford, 400 U.S. at 30. The court reviewing the voluntariness of a guilty plea must look to the totality of the circumstances. See State v. Turner, 191 S.W.2d 346, 353 (Tenn. Crim. App. 1995); see also Chamberlain v. State, 815 S.W.2d 534, 542 (Tenn. Crim. App. 1990). Specifically, a reviewing court must consider "the relative intelligence of the defendant; the degree of his familiarity with criminal proceedings; whether he was represented by competent counsel and had the opportunity to confer with counsel about the options available to him; the extent of advice from counsel and the court concerning the charges against him; and the reasons for his decision to plead guilty, including a desire to avoid a greater penalty that might result from a jury trial. Blankenship v. State, 858 S.W.2d 897, 904 (Tenn. 1993).

A plea is not "voluntary" if it results from ignorance, misunderstanding, coercion, inducements, or threats. Id. at 904. The trial court must determine if the guilty plea is "knowing" by questioning the defendant to make sure he fully understands the plea and its consequences. State v. Pettus, 986 S.W.2d 540, 542 (Tenn. 1999); Blankenship, 858 S .W.2d at 904.

Looking at the totality of the circumstances, the petitioner testified that he was a high school graduate with two years of college education. Trial counsel noted that the petitioner was a "very intelligent man" and had no difficulty communicating regarding his case and the option of either pleading guilty or going to trial. The petitioner's own desire, as memorialized in his own handwriting at the end of the Acknowledgment, noted his desire to plead guilty. The transcript of the guilty plea hearing reveals that the trial court carefully and correctly informed the petitioner regarding his constitutional rights, and specifically asked if he understood that he was waiving those rights by pleading guilty. The petitioner responded in the affirmative. Further, he stated that he understood the plea agreement and the significance of the guilty plea hearing, and was entering his guilty plea voluntarily. The trial court also explained that the petitioner could consult his attorney if anything in the plea hearing was unclear. The trial court obviously believed that counsel and the

petitioner, as counsel testified, discussed the consequences of the guilty plea. The trial judge's comments reflect that he believed counsel's testimony that the petitioner pled guilty to all counts in the indictment to avoid trial and to avoid putting the victim and the victim's mother through further pain and suffering. As a result the trial court found, and we agree, that the petitioner knowingly and voluntarily entered his guilty plea. We conclude therefore that the record supports the post-conviction court's finding that the petitioner entered his guilty plea voluntarily and knowingly.

Conclusion

For the foregoing reasons, we conclude that none of the petitioner's claims merit relief. Accordingly, the judgment of the post-conviction court is affirmed.

_____

_____

                                           _____
                                            JERRY L. SMITH, JUDGE