
# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT KNOXVILLE
Assigned on Briefs February 23, 2017

## MARCUS L. BRANNER v. STATE OF TENNESSEE

### Appeal from the Criminal Court for Knox County
### No. 101380     Steven W. Sword, Judge

---

### No. E2016-00956-CCA-R3-PC

---

The petitioner, Marcus L. Branner, appeals the summary dismissal of his 2013 petition for post-conviction relief, which challenged his 2001 convictions of second degree murder and attempted second degree murder. Discerning no error, we affirm.

### Tenn. R. App. P. 3; Judgment of the Criminal Court Affirmed

JAMES CURWOOD WITT, JR., J., delivered the opinion of the court, in which D. KELLY THOMAS, JR., and ROBERT H. MONTGOMERY, JR., JJ., joined.

Gerald L. Gulley, Jr., Knoxville, Tennessee, for the appellant, Marcus L. Branner.

Herbert H. Slatery III, Attorney General and Reporter; Jeffrey D. Zentner, Assistant Attorney General; Charme P. Allen, District Attorney General; and Leslie Nassios, Assistant District Attorney General, for the appellee, State of Tennessee.

### OPINION

This case has quite the convoluted and rather unfortunate procedural history. In 2001, a Knox County Criminal Court jury convicted the petitioner of one count of second degree murder and two counts of attempted second degree murder, and the petitioner received an effective sentence of 24 years' incarceration when the trial court entered the judgments on August 2, 2001. *State v. Marcus L. Branner*, No. E2006-00939-CCA-R3-CD, slip op. at 1 (Tenn. Crim. App., Knoxville, May 31, 2007), *perm. app. granted* (Tenn. Nov. 5, 2007) (*Branner I*). At the petitioner's November 1, 2001 hearing on a motion for new trial, trial counsel informed the court that "he was not moving for a new trial and was instead proceeding directly to an appeal in which he would raise sufficiency of the evidence." *Id.* The record is abundantly clear that trial counsel never sought an appeal on the petitioner's behalf. *See id.*

On October 4, 2002, the petitioner wrote to the clerk of the appellate courts to inquire about the status of his appeal, and 10 days later, the appellate court clerk's office responded by letter to inform the petitioner that no appeal of his case was presently pending. *Id.* On April 21, 2003, the petitioner filed with the trial court, under docket number 67840, a pro se petition for a delayed appeal, "in which he alleged he had learned by letter from the appellate court clerk dated October 14, 2002, that trial counsel had not filed an appeal on his behalf, that he had not waived his right to a timely direct appeal, and that counsel had misled him about the status of a direct appeal." *Id.*, slip op. at 1-2. More than 15 months later, when no action had been taken on his petition for delayed appeal, the petitioner filed another petition for delayed appeal in case number 67840 as well as a pro se petition for post-conviction relief, which petition was assigned docket number 80087. In his petition for post-conviction relief, the petitioner generally alleged ineffective assistance of counsel for failure to file a direct appeal and for an "illegally enhanced sentence." On August 4, 2004, the post-conviction court summarily dismissed the petitioner's post-conviction relief petition in case number 80087 on the ground that it was time-barred.

In the meantime, the petitioner had filed a complaint with the Board of Professional Responsibility regarding trial counsel's failure to seek an appeal. On November 4, 2005, trial counsel was publicly censured for failing to file a direct appeal on the petitioner's behalf.

On November 29, 2005, the trial court finally appointed counsel to the petitioner in case number 67840, and in April 2006, the trial court conducted a hearing on the petitioner's new motions for new trial and for delayed appeal. *Branner I*, slip op. at 2. Although it is not completely clear from the record before us, it appears that the trial court denied the petitioner's motions but stated on the record, "'I am glad that we got this back up here for a Motion for New Trial. You certainly have every right to appeal that.'" The petitioner filed a timely appeal to this court, which court then dismissed the appeal, concluding that nothing in the record indicated that the petitioner had been granted a delayed appeal, and that, therefore, the court was without jurisdiction to address the petitioner's case. *Id.*, slip op. at 2-3. Subsequently, the supreme court granted the petitioner's application for permission to appeal, and, in a brief order entered November 5, 2007, remanded the case to the trial court upon finding that a conflict between the court minutes and the transcript rendered it unclear whether the trial court intended to grant a delayed appeal on the petitioner's April 21, 2003 petition. The high court further decreed that "[a]n order granting or denying a delayed appeal must be entered under a separate docket number for a post-conviction proceeding," citing Tennessee Code Annotated section 40-30-113.

On January 29, 2009, the petitioner, through counsel, moved the post-conviction court to "[t]reat petitioner's April 21, 2003 'petition for a delayed appeal' as a pro se petition for post-conviction relief seeking a delayed appeal" and "assign an appropriate new docket number." Two years later, on January 31, 2011, the post-conviction court entered an order in case number 90810 granting the motion, treating the petitioner's April 21, 2003 petition for delayed appeal as one for post-conviction relief "with a delayed appeal as the relief requested." The post-conviction court went on to find that "although that filing was filed later than one year after the original judgments became final, the statutory limitations period was effectively tolled by the [p]etitioner's reasonable belief, based upon his trial counsel's assurances that an appeal would be filed, that a direct appeal was pending during that time." The petitioner then pursued his delayed direct appeal, challenging only the sufficiency of the convicting evidence and the length of his sentence. *State v. Marcus L. Branner*, No. E2011-00404-CCA-R3-CD, slip op. at 1 (Tenn. Crim. App., Knoxville, January 17, 2012) (*Branner II)*. This court affirmed the trial court's judgments, *see id.*, and the supreme court denied the petitioner's application for permission to appeal on April 11, 2012.

On April 8, 2013, the petitioner filed a comprehensive, pro se petition for post-conviction relief, alleging, inter alia, numerous instances of ineffective assistance of both trial counsel and counsel for petitioner's motion for new trial and subsequent appeal; the new petition for post-conviction relief was assigned case number 101380. The post-conviction court appointed counsel on April 26, 2013. Nearly three years later, the State answered the petition, asserting that "the allegations of this second and/or third petition for post-conviction relief were previously determined and/or waived." Post-conviction counsel filed a response, arguing that the instant petition was filed within one year of the supreme court's denial of the petitioner's Rule 11 application and that the statute of limitations had been tolled to permit the delayed appeal and that, alternatively, the petition should be treated as one to reopen the original petition for post-conviction relief.

On April 21, 2016, the post-conviction court entered an order dismissing the petition for post-conviction relief without a hearing, finding that "the petitioner has already had the merits of a petition for post-conviction relief considered, rendering this petition an impermissible second petition for post-conviction relief." The court continued as follows:

> In this case, the petitioner filed three petitions prior to that which is presently before this court: Two petitions that were styled petitions for delayed appeal and a petition for post-conviction relief. In his subsequent motion to have the trial court grant a delayed appeal, the petitioner requested that his initial petition for delayed appeal[] be treated as a petition for

post-conviction relief, with a delayed appeal being the relief requested. The trial court then did as the petitioner asked – it treated the initial petition for a delayed appeal as a petition for post-conviction relief. In doing so, it specifically stated that it was granting the petitioner's request because "[t]he Petitioner's April 2003 pro se motion for a delayed appeal was essentially a pro se petition for post-conviction relief seeking a delayed appeal as the relief requested." . . . .

After agreeing with the petitioner that the petition for delayed appeal was in fact a petition for post-conviction relief, the trial court treated it accordingly. Specifically, the trial court reasoned that the statute of limitations period that applied to petitions for post-conviction relief should be tolled, and that the petitioner was entitled to the relief requested; accordingly, the court granted the petitioner's request for a delayed appeal. In so doing, the trial court considered the merits of the self-described petition for post-conviction relief, consistent with the petitioner's rights as provided in Tennessee's post-conviction relief statutes, and concluded that the petitioner was entitled to the relief that he requested. Accordingly, it granted his request for a delayed appeal.

As the above indicates, the petitioner was given an opportunity to file a petition for post-conviction relief, the court considered the merits of the petition, and it concluded that he was entitled to the relief that he requested. In plain terms, the Tennessee legislature makes it clear that this is all of the relief to which the petitioner is entitled – one petition for post-conviction relief, considered on the merits, with all subsequent petitions for post-conviction relief filed under this chapter treated as subsequent petitions that must be summarily dismissed. Accordingly, this court concludes that the petitioner has received the opportunity for post-conviction relief to which he is entitled, and that the present petition for post-conviction relief is a subsequent petition that must be dismissed.

In addition, the post-conviction court found that the petitioner failed to allege an adequate ground to justify the reopening of his petition.

-4-

Following the dismissal of the petition, the petitioner filed a timely notice of appeal. In this appeal, the petitioner contends that the post-conviction court erred by summarily dismissing his petition, reiterating his claims that the petition was filed within one year of the supreme court's denial of permission to appeal and that, in any event, reopening of the petition was appropriate. The State agrees that the petitioner was entitled to a hearing, asserting that the trial court, in granting the petitioner's delayed appeal, erred by failing to stay any post-conviction proceedings to allow the petitioner to return to court and litigate issues not addressed in his appeal. We disagree.

The Post-Conviction Procedure Act ("the Act") allows two distinct types of relief. The more familiar and frequently sought remedy is that of having the conviction judgment set aside, *see* T.C.A. § 40-30-111(a), as in the case of a showing of ineffective assistance of counsel. The Act also provides that the court may grant a successful petitioner a delayed appeal, *see id.*, as in the case of a showing that the petitioner was unconstitutionally denied the right to appeal his conviction, *see id.* § 40-30-113(a).

Prior to 2003, when a petitioner sought both types of relief under the Act and demonstrated that he was entitled to a delayed appeal, the appropriate procedure was for the court to grant the delayed appeal and enter a dismissal without prejudice of the collateral attack to the conviction. *Gibson v. State*, 7 S.W.3d 47, 50 (Tenn. Crim. App. 1998); *see also Hughes v. State*, 77 S.W.3d 801, 802-03 (Tenn. Crim. App. 1998). The rationale at that time was that both a direct appeal of a conviction and a collateral attack on that same conviction could not be determined simultaneously. *Gibson*, 7 S.W.3d at 49; *Laney v. State*, 826 S.W.2d 117, 118 (Tenn. 1992); *see* T.C.A. § 40-30-102(a) (post-conviction attack may be mounted to "final" judgments). In 2003, however, Supreme Court Rule 28 was amended to provide that collateral-attack issues would be adjudicated along with the question of the propriety of a delayed appeal. *See* Tenn. R. Sup. Ct. 28, § 9(D). Although the supreme court provided for a stay of the post-conviction collateral-attack proceedings pending a Tennessee Rule of Appellate Procedure 11 delayed appeal and pending a Rule 3 delayed appeal granted by the *appellate* court, Rule 28 conspicuously makes no such stay provision when the *post-conviction* court grants a Rule 3 appeal. *See generally* Tenn. R. Sup. Ct. 28, § 9(D).[1]

In the instant case, appellate counsel made no attempt to address any collateral-attack issues but rather asked the court to treat the April 2003 petition as one

---

[1] Arguably, section 8 of Supreme Court Rule 28 could be read to require the trial court to hold the post-conviction claims in abeyance when the court finds other meritorious grounds for post-conviction relief. *See* Tenn. R. Sup. Ct. 28, § 8(d)(3). Here, however, the petitioner raised no other grounds for post-conviction relief. He sought only a delayed appeal. Thus, there was nothing for the trial court to hold in abeyance.

for post-conviction relief with a delayed appeal identified as the only relief sought, and the trial court, after considering the merits of the petition, did exactly that. As such, we are constrained to conclude, as did the post-conviction court, that the petitioner has had his one bite at the proverbial apple and that summary dismissal of his second petition for post-conviction relief was required. *See* T.C.A. § 40-30-102(c) ("In no event may more than one (1) petition for post-conviction relief be filed attacking a single judgment," and "[i]f a prior petition has been filed which was resolved on the merits by a court of competent jurisdiction, any second or subsequent petition shall be summarily dismissed."). Accordingly, any issues regarding the potential ineffectiveness of trial counsel cannot now be reached.

With respect to any potential ineffectiveness of appellate counsel, the Supreme Court rules do provide an avenue for seeking relief, directing that "[w]here a delayed appeal is granted and the petitioner is unsuccessful on appeal, and new issues cognizable in a post-conviction proceeding result from the handling of the delayed appeal, the petitioner may amend the original post-conviction petition to include such new issues." Tenn. R. Sup. Ct. 28, § 9(D)(3)(a); *see Donna Leigh Pearson v. State*, No. M2013-02539-CCA-R3-PC, slip op. at 3 (Tenn. Crim. App., Nashville, Sept. 15, 2014) (reversing the post-conviction court's summary dismissal of petitioner's amended petition for post-conviction relief, finding that the petitioner was "entitled to an evidentiary hearing" pursuant to Rule 28 because the issue of appellate counsel's ineffectiveness "arose specifically 'from the handling of the delayed appeal.'"). In the case at bar, however, the petitioner did not seek to amend his original petition for post-conviction relief. Instead, he merely filed a new petition for post-conviction relief, proceeding as one would when following a typical appellate trajectory rather than one, as here, which has been fraught with unfortunate delays. Thus, the protections of this portion of Rule 28 cannot avail the petitioner of any relief for the potential ineffectiveness of appellate counsel.

Finally, the underlying petition does not satisfy any of the statutory criteria to reopen his petition for post-conviction relief. *See* T.C.A. § 40-30-117.

For all of the foregoing reasons, the judgment of the post-conviction court is affirmed.

_____
JAMES CURWOOD WITT, JR., JUDGE