IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
April 8, 2008 Session

## STATE OF TENNESSEE v. CAREY HAYNES, JR.

**Direct Appeal from the Circuit Court for Dyer County**
**No. C04-418     Lee Moore, Judge**

---

**No. W2007-00886-CCA-R3-PC  - Filed September 9, 2009**

---

The petitioner, Carey Haynes, Jr., was convicted of a Class B and a Class C felony involving the sale of cocaine and received an effective eighteen-year sentence.  The only issue raised on direct appeal was ineffective assistance of counsel, which was deemed waived because it was not included in the motion for new trial.  The petitioner has now filed seeking post-conviction relief, and the post-conviction court has granted the petitioner a delayed appeal and ruled that his claim of ineffective assistance of counsel was previously determined.  As to the delayed appeal, we address whether the evidence was sufficient to support the petitioner's convictions and whether the petitioner's sentence was proper.  We further address whether the post-conviction court properly denied relief.  After careful review, we affirm the judgments from the lower courts.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

JOHN EVERETT WILLIAMS, J., delivered the opinion of the court, in which NORMA MCGEE OGLE and J.C. MCLIN, JJ., joined.

Martin E. Dunn, Dyersburg, Tennessee, for the appellant, Carey Haynes, Jr.

Robert E. Cooper, Jr., Attorney General and Reporter; Lacy Wilber, Assistant Attorney General; and C. Phillip Bivens, District Attorney General, for the appellee, State of Tennessee.

## OPINION

The petitioner was convicted after selling cocaine to an undercover police officer on two occasions.  A confidential informant provided information to the Dyersburg Police Department's narcotics unit that the petitioner was a known drug dealer with cocaine in his possession.  The informant phoned the petitioner and arranged a meeting time and location to purchase cocaine.  The informant requested an "eight ball" of cocaine, which was one-eighth of an ounce.  The police installed audio and video equipment in the petitioner's car, and an undercover police officer and the informant proceeded to the agreed upon location.

The petitioner met the undercover officer and the informant at the agreed upon location. The petitioner arrived on a bicycle and approached the passenger window of the automobile, where the undercover officer was seated. The undercover officer rolled down the window, and the petitioner tossed in a small bag containing cocaine. The officer handed the petitioner $100, and the petitioner rode away. These events occurred on April 7, 2004.

The undercover officer and the informant contacted the petitioner again and purchased additional cocaine from him on May 13, 2004. This sale was made at the petitioner's residence. It was raining on the day of the offense. When the petitioner came outside his residence, the undercover officer got into the back seat of the car and the petitioner got into the front passenger seat of the car. The informant drove the three men away from the petitioner's residence and toward the Dyersburg shopping mall. They discussed the cocaine during the drive, and the petitioner produced a small bag of white powder. The petitioner gave the bag to the informant who, in turn, handed it to the undercover officer. The officer paid the petitioner and placed the drugs into his top left pocket. A video recording was also made of this transaction, and both videos were shown to the jury during the trial.

An agent with the Tennessee Bureau of Investigation crime lab testified that she tested both bags of cocaine and determined that the first bag contained 1.9 grams of cocaine and the second bag contained 0.4 grams of cocaine.

The petitioner testified on his own behalf at trial. He said that on the day of the first offense, the informant pulled up next to him while he was on his bicycle. He said that the informant asked him if he still took drugs, and the petitioner replied that he did not. With regard to the second offense, the petitioner testified that the informant asked him for some marijuana and he said that he did not have any marijuana in his possession. The petitioner said he was on his way to "rehab" and testified that he told the informant that he was "done" with drugs. He said that he did not have an opportunity to get in the car with the officer and the informant.

The petitioner was convicted of one count of selling cocaine in an amount greater than .5 grams (a Class B felony) and one count of selling cocaine in an amount less than .5 grams (a Class C felony). He was sentenced to twelve years on the Class B felony and six years on the Class C felony. In his direct appeal, the petitioner raised the sole issue of ineffective assistance of trial counsel, and this court determined that the issue was waived because the petitioner did not raise the issue in his motion for new trial. The petitioner then filed a petition for post-conviction relief. The trial court denied relief upon the ineffective assistance issue but granted a delayed appeal with regard to the issues of sufficiency and sentencing, which were raised in the motion for new trial but not on direct appeal. The petitioner then filed a notice of delayed appeal with this court on April 24, 2007.

**Analysis**

On appeal, the petitioner has raised three issues for our review. First, he contends that the evidence is insufficient to support his conviction. Second, he argues that the trial court improperly applied consecutive sentencing. Finally, he contends that the post-conviction erred in denying post-conviction relief.

## I. Sufficiency of the Evidence

First, the petitioner argues that the evidence was insufficient to support his convictions. Specifically, he argues that the information admitted at trial was hearsay and, therefore, was not sufficient to support his convictions. A guilty verdict by the jury, approved by the trial court, accredits the testimony of the witnesses for the State and resolves all conflicts in favor of the prosecution's theory. A verdict of guilt removes the presumption of innocence and replaces it with a presumption of guilt, and the defendant has the burden of illustrating why the evidence is insufficient to support the jury's verdict. *State v. Bland*, 958 S.W.2d 651, 659 (Tenn. 1997). When a defendant challenges the sufficiency of the evidence, the standard for review by an appellate court is whether "after considering the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *State v. Smith*, 24 S.W.3d 274, 278 (Tenn. 2000)(quoting *State v. Buggs*, 995 S.W.2d 102, 105 (Tenn. 1999)); *see also Jackson v. Virginia*, 443 U.S. 307, 318-19, 99 S. Ct. 2781 (1979).

Here, the undercover officer testified that he and the confidential informant arranged to purchase cocaine from the petitioner on April 7, 2004. After they arrived at the agreed upon location, the petitioner rode up to the informant's vehicle on his bicycle and passed a bag of cocaine to the officer. The officer then gave $100 to the petitioner. At trial, the officer identified the petitioner as the person who sold him the cocaine. An agent with the T.B.I. crime lab testified that the substance the officer received on that date contained 1.9 grams of cocaine.

The officer also testified that on May 13, 2004, the petitioner again sold him cocaine. He said that the petitioner asked the officer and the informant to meet him at his residence and, after they arrived, the defendant got into their car. The officer testified that the petitioner gave them a small bag of white powder, which was later determined to contain 0.4 grams of cocaine. Both sales of cocaine were recorded on hidden video and audio equipment contained in the vehicle driven by the informant.

Our review reflects that the evidence presented at trial was sufficient to support the petitioner's convictions of selling cocaine. The petitioner is not entitled to any relief on this issue.

## II. Consecutive Sentencing

Next, the petitioner argues that he was sentenced improperly when the trial court ordered his sentences to run consecutively to his previous convictions. When there is a challenge to the length, range, or manner of service of a sentence, this court must conduct a *de novo* review of the record with a presumption that the determinations made by the trial court are correct. T.C.A. § 40-35-401(d) (2003). This presumption is "conditioned upon the affirmative showing in the record that the trial court considered the sentencing principles and all relevant facts and circumstances." *State v. Ashby*, 823 S.W.2d 166, 169 (Tenn. 1991). "The burden of showing that the sentence is improper is upon the appellant." *Id.* In the event the record fails to demonstrate the required consideration by the trial court, review of the sentence is purely *de novo*. Id. In conducting a *de novo* review, this court must consider:

1) The evidence, if any, received at the trial and sentencing hearing;
2) The presentence report;
3) The principles of sentencing and arguments as to sentencing alternatives;
4) The nature and characteristics of the criminal conduct involved;
5) Evidence and information offered by the parties on enhancement and mitigating factors in §§ 40-35-113 and 40-35-114; and
6) Any statement the [petitioner] wishes to make in the [petitioner's] own behalf about sentencing.

T.C.A. § 40-35-210 (2003); *see also Ashby*, 823 S.W.2d at 168.

Consecutive sentences may be ordered if the court finds by a preponderance of the evidence that:

1) The [petitioner] is a professional criminal who has knowingly devoted the [petitioner's] life to criminal acts as a major source of livelihood;

2) The [petitioner] is an offender whose record of criminal activity is extensive;

3) The [petitioner] is a dangerous mentally abnormal person so declared by a competent psychiatrist who concludes as a result of an investigation prior to sentencing that the [petitioner's] criminal conduct has been characterized by a pattern of repetitive or compulsive behavior with heedless indifference to consequences;

4) The [petitioner] is a dangerous offender whose behavior indicates little or no regard for human life, and no hesitation about committing a crime in which the risk to human life is high;

5) The [petitioner] is convicted of two (2) or more statutory offenses involving sexual abuse of a minor with consideration of the aggravating circumstances arising from the relationship between the [petitioner] and victim or victims, the time span of [petitioner's] undetected sexual activity, the nature and scope of the sexual acts and the extent of the residual, physical and mental damage to the victim or victims;

6) The [petitioner] is sentenced for an offense committed while on probation; or

7) The [petitioner] is sentenced for criminal contempt.

T.C.A. § 40-35-115(b) (2003). The length of the sentence must be "justly deserved in relation to the seriousness of the offense," T.C.A. § 40-35-102(1) (2003), and "no greater than that deserved" under the circumstances. T.C.A. § 40-35-103(2) (2003); *see also State v. Lane*, 3 S.W.3d 456, 460 (Tenn. 1999). Additionally, whether sentences are to be served concurrently or consecutively is a matter

addressed to the sound discretion of the trial court. *State v. Hastings*, 25 S.W.3d 178, 181 (Tenn. Crim. App. 1999).

Our review reflects that the trial court was within its discretion when it ordered the petitioner's sentences to run consecutively. The petitioner's probation officer testified during the sentencing hearing that the petitioner was under his probation supervision until December 21, 2012. The petitioner acknowledged that he had a history of felony drug convictions. His record included convictions for possession of cocaine and marijuana with intent to deliver, as well as two convictions for sale of cocaine. The petitioner was on probation at the time of the new law violations. He had been released from boot camp less than a month prior to the first drug transaction with the undercover officer.

The trial court stated on the record that it considered the evidence presented at the sentencing hearing, the petitioner's testimony, the presentence report, and the proof at trial. The trial court also specifically mentioned that the petitioner was released from boot camp on March 9, 2004, and committed these offenses shortly thereafter on April 7 and May 13, 2004, respectively. The court clearly stated that the petitioner was selling drugs when he was not in custody. The trial court properly ordered the sentences to be run consecutively, and the petitioner is not entitled to any relief on this issue.

## III. Ineffective Assistance of Counsel

Finally, the petitioner raises the issue of whether the post-conviction court erred in denying post-conviction relief based upon the ineffective assistance of counsel. As previously noted, the post-conviction court denied relief upon this issue because it found that it had been previously determined on direct appeal. Again, it is noted that the petitioner raised the issue of ineffective assistance of counsel on direct appeal, and a panel of this court concluded that the issue was waived based upon the failure to include the issue in the motion for new trial. *See State v. Carey B. Haynes, Jr.*, No. W2005-01184-CCA-R3-CD (Tenn. Crim. App., at Jackson, Apr. 3, 2006).

Initially, we are constrained to address concerns raised by a procedural aspect which is highlighted in this case involving a situation where a petitioner requests a delayed appeal and raises post-conviction issues in the same petition. It is clear that, generally, a delayed appeal may be granted, pursuant to Tennessee Code Annotated section 40-30-113 and Tennessee Supreme Court Rule 28 section 9, by the filing of a post-conviction action. However, this court has reached differing results on the correct procedure which a post-conviction court should employ with regard to the handling of the post-conviction issues raised if a delayed appeal is granted. In *Gibson v. State*, 7 S.W.3d 47, 50 (Tenn. Crim. App. 1998), procedural guidelines were established which provided that when a delayed appeal was granted, the post-conviction court should dismiss without prejudice the remaining post-conviction allegation while the delayed appeal action was pending. The premise of this holding was that, unless the post-conviction proceedings were dismissed, the petitioner would be precluded from raising any resulting ineffective assistance of counsel issues which arose from the handling of the delayed appeal.

However, we are cognizant that in 2002, our supreme court amended Rule 28 of the Tennessee Rules of the Supreme Court, which governs delayed appeals. *See* Tenn. R. Sup. Ct. 28, § 9(D); *State v. Billy Jackson Coffelt*, No. M2005-01723-CCA-DAC-CD (Tenn. Crim. App., at Nashville, Aug. 8, 2006). Section 9 of the rule specifically provides that post-conviction proceedings are to be stayed until the final disposition of a delayed appeal when a delayed appeal is granted pursuant to Rule 11 of the Tennessee Rules of Appellate Procedure. Tenn. R. Sup. Ct. 28, § 9(D)(1)(b)(i), §9(D)(2)(b)(i). Further, the rule specifically provides that when a petitioner appeals a post-conviction court's denial of a delayed appeal pursuant to Rule 3 of the Tennessee Rules of Appellate Procedure, this court shall "resolve this issue along with any other issues raised in the post-conviction appeal;" should this court "grant a delayed appeal, the post-conviction appeal shall not be stayed." Tenn. R. Sup. Ct. 28, § 9(D)(2)(a).

However, despite Rule 28's specific provisions regarding the above situations, the rule is silent with regard to whether the post-conviction proceedings should be stayed, dismissed, or decided when a trial court grants a Rule 3 delayed appeal. Multiple panels of this court have concluded that the absence of the stay provision "apparently contemplates that the collateral-attack issues will be adjudicated along with the question of the propriety of a delayed appeal." *State v. Ben Thomas Dowlen*, No. M2003-00508-CCA-R3-CD (Tenn. Crim. App., at Nashville, July 20, 2004); *see also State v. Jarvis Antonio Clemmons*, Nos. M2007-02793-CCA-R3-CD, M2007-02791-CCA-R3-PC (Tenn. Crim. App., at Nashville, Dec. 4, 2008); *Harvey Webster v. State*, No. M20060-00886-CCA-R3-PC (Tenn. Crim. App., at Nashville, June 27, 2007); *State v. Billy Jackson Coffelt*, No. M2005-01723-CCA-DAC-CD. In these cases, panels of this court saw fit to address the merits of a petitioner's appeal of a denial of post-conviction relief when a post-conviction court had denied post-conviction relief but granted a Rule 3 delayed appeal. *Id.* In *Dowlen*, the court concluded that our supreme court had sanctioned the procedure. *State v. Ben Thomas Dowlen*, No. M2003-00508-CCA-R3-CD.

Nonetheless, despite this precedent for allowing both a post-conviction court, as well as this court, to address post-conviction issues, we must note the possible resulting unfairness to a petitioner, who could be precluded from challenging the effectiveness of his appellate counsel if the post-conviction petition is ruled upon prior to the delayed appeal. We find the reasoning in *Gibson* quite persuasive with regard to the employment of a different procedure. The court in *Gibson* provided the following well-reasoned rationale for staying post-conviction proceedings until the conclusion of the delayed appeal:

> A petitioner for post-conviction relief, complaining of the original conviction and sentence, may not be maintained while a direct appeal of the same conviction and sentence is being prosecuted. Because a post-conviction petition may not be filed until the final judgment of the highest court has been entered, *see* Tenn. Code Ann. § 40-30-202, the . . . petition for post-conviction relief was filed prematurely and should have been dismissed accordingly. Moreover, if . . . the ultimate holding [on delayed appeal] is favorable to the appellant, this court's time has been wasted on an appellate [post-conviction] issue which is rendered moot.

. . . . [Moreover, w]e are cognizant of the statutory provision which contemplates the filing of only one petition for post-conviction relief from a single judgment. Tenn. Code Ann. § 40-30-202(c). This statute provides that if a petition has been resolved on its merits, a subsequent petition must be summarily dismissed. Tenn. Code Ann. §§ 40-30-202(c); 40-30-206(b).

*Gibson*, 7 S.W.3d at 50 (some citations omitted).

Under the facts of the instant case, it appears that the initial appellate counsel rendered deficient performance to the point of arguably preempting any review of trial or appellate counsel's effectiveness. All defendants are guaranteed effective assistance of counsel at trial and on first tier review. In our view, the preferable procedure is for the post-conviction court to stay any findings as to ineffective assistance of counsel claims and allow them to proceed only after the results of the delayed appeal are known.

We are nonetheless bound by the Rules of our supreme court and guided by prior decisions of this court. As such, we conclude that the post-conviction court in this case did have jurisdiction to rule upon the merits of the petitioner's post-conviction issue and that, accordingly, we have jurisdiction to review the merits of that decision. Review of the record reveals that the post-conviction court correctly determined that the issue was previously determined by this court's ruling on direct appeal that the issue was waived. Issues which have been previously determined may not be raised through a post-conviction challenge. T.C.A. § 40-30-106(h) (2006). Thus, the post-conviction court's ruling was correct, and the petitioner is not entitled to relief.

## CONCLUSION

Based on the foregoing and the record as a whole, we affirm the judgment from the post-conviction court

_____
JOHN EVERETT WILLIAMS, JUDGE