IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs June 17, 2003

## RITA DAVIS  v.  STATE OF TENNESSEE

**Direct Appeal from the Circuit Court for Marshall County**
**No. 15079-PC     Charles Lee, Judge**

_____

**No. M2002-02446-CCA-R3-PC- Filed September 25, 2003**

_____

Petitioner, Rita Davis, appeals the trial court's denial of her petition for post-conviction relief. Petitioner entered an open plea of guilty to felony failure to appear, a charge apparently stemming from another case in which Petitioner was charged with possession of a schedule II narcotic for resale, a Class B felony.  Petitioner was convicted by a jury on the drug possession charge, and on August 18, 1999, she was sentenced on both convictions.  Petitioner filed a *pro se* petition for relief from her conviction and sentence in the failure to appear case.  The trial court denied post-conviction relief, but granted a delayed appeal.  Petitioner appealed, and this Court affirmed Petitioner's sentence, but reversed the denial of post-conviction relief, remanding the case for dismissal of the petition without prejudice.  Petitioner filed another post-conviction petition, alleging that she received the ineffective assistance of counsel and that her plea was not knowingly and voluntarily entered.  Following a hearing, the trial court denied the petition.  In this direct appeal, Petitioner challenges the trial court's denial of her petition.  After a careful review of the record, we affirm the judgment of the post-conviction court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Trial Court Affirmed**

JERRY L. SMITH, J., delivered the opinion of the court, in which JOHN EVERETT WILLIAMS and ROBERT W. WEDEMEYER, JJ., joined.

John H. Richardson, Jr., Fayetteville, Tennessee, for the appellant, Rita Davis.

Paul G. Summers, Attorney General & Reporter; John H. Bledsoe, Assistant Attorney General; William Michael McCown, District Attorney General; Weakley E. Bernard, Assistant District Attorney General, for the appellee, the State of Tennessee.

**OPINION**

Petitioner pled guilty to felony failure to appear, the offense in this case, on August 9, 1999. On August 18, 1999, Petitioner was sentenced to six years, to be served at sixty percent, as a Range III career offender.  Also on August 18, 1999, Petitioner was sentenced to twenty-five years at forty-

five percent as a Range II persistent offender for a felony drug possession conviction.  No direct appeal of her sentence in the failure to appear case was taken.  On August 4, 2000, Petitioner filed a *pro se* petition for relief from her conviction and sentence in the failure to appear case, (1) requesting a delayed direct appeal of her sentence; and (2) alleging ineffective assistance of counsel.  She was appointed counsel, and an evidentiary hearing was conducted.  Following the hearing, the trial court granted Petitioner's request for a delayed appeal, but concluded that counsel had rendered effective assistance, and therefore denied post-conviction relief.

Petitioner thereafter appealed to this Court, challenging her six-year sentence and the trial court's denial of her petition.  *See State v. Rita Davis*, No. M2000-03227-CCA-R3-CD, 2001 WL 1398138, 2001 Tenn. Crim. App. LEXIS 882 (Tenn. Crim. App., Nashville, November 9, 2001), *perm. to app. denied* (Tenn., May 6, 2002).  On direct appeal, this Court affirmed Petitioner's sentence, but reversed the trial court's denial of post-conviction relief, holding that it was error, under *Gibson v. State*, 7 S.W.3d 47 (Tenn. Crim. App. 1998), to consolidate Petitioner's request for a delayed appeal with the collateral attack of her conviction and sentence, and remanded the case for dismissal of the post-conviction petition without prejudice.

On August 7, 2002, Petitioner filed an amended petition for post-conviction relief, alleging ineffective assistance of counsel.  The trial court conducted another hearing.  The issues presented at the hearing were: (1) whether counsel failed to properly communicate with Petitioner throughout the proceedings; (2) whether counsel failed to adequately advise Petitioner of her right to a trial by jury; (3) whether counsel advised Petitioner incorrectly with regard to the range of sentence; (4) whether counsel failed to advise Petitioner of the range of punishment; (5) whether counsel coerced Petitioner to enter her plea of guilty; and (6) whether counsel's performance fell below an objective standard of reasonableness and whether he provided services outside the range of competency demanded by attorneys in criminal cases.  Petitioner contended that her plea was not voluntarily and freely made because counsel did not properly advise her of her right to a trial by jury and the possible range of punishment.

**Post-Conviction Hearing**

A full evidentiary hearing was conducted on September 20, 2002, at which Petitioner was represented by counsel.  At the hearing, Petitioner testified that she was convicted and sentenced to twenty-five years in the drug possession case on August 18, 1999.  Petitioner testified that she also pled guilty to the charge of failure to appear and was sentenced to six years at sixty percent on August 18, 1999.  Petitioner testified that the reason she failed to appear for a hearing in the drug possession case was because she had been confused about the court dates.

Petitioner testified that attorney Andrew Jackson Dearing, III represented her in both cases.  She testified that she met with Mr. Dearing only once before her trial in the drug possession case.  Petitioner testified that she and Mr. Dearing discussed her plea of guilty to the charge of failure to appear for "about three minutes" between being sentenced for the drug possession conviction and pleading guilty to failure to appear.  Petitioner testified that she told Mr. Dearing that she wanted to

go to trial on the charge, but he advised her to "plead open." She testified that when she entered her plea, she "had just received twenty-five years at forty-five percent stacked behind eighteen years of parole." Petitioner testified that she "couldn't think" and she "was just numb." Petitioner testified that Mr. Dearing directed her to answer affirmatively the questions asked by the trial court at the plea hearing, but Petitioner "wasn't really thinking about what [the judge] was saying because I had just got sentenced to twenty-five at forty-five." Petitioner admitted that she read the plea acceptance agreement.

Petitioner testified that she understood that an "open plea" would allow the trial court to determine her sentence. Petitioner added that Mr. Dearing told her that "it won't carry no more than a year." Petitioner testified that Mr. Dearing did not advise her of the range of punishment for Class E felony failure to appear. Petitioner admitted, however, that at the hearing on her first post-conviction petition, she testified that Mr. Dearing told her that the sentence could range from one to six years. Petitioner also testified that Mr. Dearing told her that she "didn't have no chance in this court," and that "this would be overturned when we got to another court." Petitioner thought Mr. Dearing would appeal her sentence to a higher court, but no appeal was taken.

Petitioner stated that she had about twenty-five prior convictions, and that she had been sentenced as a career offender in the past, prior to pleading open in this case. She also testified that she had accepted a six-year sentence, to be served at sixty percent, for a previous conviction. Petitioner testified that Mr. Dearing told her that the court dates were "mixed up," and Petitioner told Mr. Dearing that "it wouldn't have mattered anyway because I am a parole violator, and I was going to be put in jail anyway." In Petitioner's *pro se* petition for post-conviction relief, she stated that she failed to appear not "out of a blatant disregard of the law, but fear that she would be tried and found guilty of drugs found in her car that were not hers."

Petitioner's sister, Linda Mays, testified that she helped bond Petitioner out of jail on the drug possession charge. When Petitioner was released on bond, she received two different court dates. Ms. Mays testified that the date Petitioner was supposed to appear for a hearing on the drug possession charge had changed and that Petitioner's bondsman had notified Ms. Mays of the change. Ms. Mays had herself taken off Petitioner's bond because of the date change. She no longer wanted to be responsible for Petitioner's court appearances.

Mr. Dearing testified that he represented Petitioner in the jury trial on the drug possession charge and at the plea hearing on the failure to appear charge. He testified that Petitioner was arrested during a traffic stop on an outstanding warrant for failure to appear in court. Also during that traffic stop, the police seized narcotics, leading to the drug possession charge. Mr. Dearing testified that the two charges were related, and he discussed both charges with Petitioner on several occasions. Mr. Dearing testified that Petitioner's failure to appear case had been continued, and the date had been changed. Mr. Dearing testified, however, regarding the failure to appear charge that "[Petitioner] candidly admitted that she didn't show up in court that day because she was afraid the judge was going to put her in jail, and she never wanted to go to trial on the failure to appear."

Mr. Dearing testified that Petitioner indicated "from the very beginning" that she wanted to be tried on the drug charges no matter what the State offered. Mr. Dearing added that Petitioner told him, "'If I can get rid of the drug case, I will be happy to take six years – more than happy to take six years at sixty percent on the failure to appear.'" In the failure to appear case, the State initially offered Petitioner six years at forty-five percent, which Petitioner understood and chose not to accept even though the State made clear that it would terminate all offers to plea if a motion to suppress evidence seized during the traffic stop was filed. Mr. Dearing filed a motion to suppress.

Mr. Dearing testified that he explained how sentencing ranges are determined to Petitioner. He also discussed the possible range of sentence with Petitioner before she entered her plea. Mr. Dearing directed Petitioner to read the plea agreement, and after reading it, she did not have any questions. Mr. Dearing testified that according to the State's enhancement notice, which he reviewed with Petitioner, Petitioner had fifteen prior felony convictions. Petitioner had pled guilty to prior offenses as a career offender. Mr. Dearing advised Petitioner that she could receive six years at sixty percent, and she appeared to understand. Finally, Mr. Dearing testified that he adequately communicated to Petitioner the elements of the crime, the possible defenses, and the possible punishments, and he believed that Petitioner understood. Mr. Dearing stated that he did not give Petitioner any advice that was incorrect.

Petitioner testified that "there is no way [she] would have [taken] six years at sixty percent after just [having been] sentenced to twenty-five years at forth-five percent." Mr. Dearing testified, however, that Petitioner did not plead open to the failure to appear charge on the same day that she was sentenced for the drug possession conviction. In fact, the record reveals that Petitioner pled guilty to failure to appear nine days prior to being sentenced in both cases. Petitioner was apparently convicted of drug possession on July 15, 1999. That is the day on which the jury charge was read, and the presentence report also shows that the trial on the drug charge occurred on July 15, 1999. The judgment form in the drug possession case shows that Petitioner was sentenced to twenty-five years August 18, 1999. Petitioner was also sentenced in the failure to appear case on August 18, 1999. The petition to enter a plea of guilty and the transcript of the guilty plea hearing in the failure to appear case, however, are dated August 9, 1999. Although Petitioner was sentenced in both cases on the same day, she entered her guilty plea to failure to appear prior to being sentenced to twenty-five years on the drug charge.

Following the hearing, the trial court denied post-conviction relief. The trial court found that Petitioner was sentenced for the drug offense on August 18, 1999, but that she entered her plea of guilty to the offense of failure to appear, on August 9, 1999. The court concluded, therefore, that Petitioner understood her rights when she entered her plea. The court stated, "I think what happened is, I think Ms. Davis was in shock when she received the sentence that she did on that Class B felony, but that shock did not cause her to enter an unknowing or involuntary plea." The court also found that Petitioner did not present any evidence that her plea was coerced. The trial court concluded that Petitioner's plea was voluntary and knowing and that Mr. Dearing's representation of Petitioner "surpasse[d] the standards enunciated in *Baxter v. Rose.*" *See Baxter v. Rose*, 523 S.W.2d 930, 936 (Tenn. 1975).

**Standard of Review**

The post-conviction court's findings of fact are afforded the weight of a jury verdict and are conclusive on appeal unless the evidence preponderates against them. *Henley v. State*, 960 S.W.2d 572, 578 (Tenn. 1997). This court may not reweigh or reevaluate the evidence, nor substitute its inferences for those drawn by the trial judge. *Id*. at 578-79; *Massey v. State*, 929 S.W.2d 399, 403 (Tenn. Crim. App. 1996). Questions concerning the credibility of the witnesses and the weight and value to be given their testimony are resolved by the trial court, not this court. *State v. Burns*, 6 S.W.3d 453, 461 (Tenn. 1999).

**Ineffective Assistance of Counsel**

This Court reviews a claim of ineffective assistance of counsel under the standards of *Baxter v. Rose*, 523 S.W.2d 930 (Tenn. 1975), and *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). The petitioner bears the burden of proving that (1) the attorney's performance was deficient, and (2) the deficient performance resulted in prejudice to the defendant so as to deprive him of a fair trial. *Strickland*, 466 U.S. at 687, 104 S. Ct. at 2064; *Goad v. State*, 938 S.W.2d 363, 369 (Tenn. 1996). In Tennessee, the test for determining whether counsel provided effective assistance is whether his performance was within the range of competence demanded of attorneys in criminal cases. *Baxter*, 523 S.W.2d at 936. When a claim of ineffective assistance of counsel arises out of a guilty plea, the petitioner has the burden of showing that there is a reasonable probability that but for counsel's errors, he would not have entered a guilty plea and would have insisted on going to trial. *Hill v. Lockhart*, 474 U.S. 52, 59, 106 S. Ct. 366, 370, 88 L. Ed. 2d 203 (1985).

The thrust of Petitioner's argument is that she pled guilty to failure to appear, out of "shock" at having received a twenty-five year sentence for her drug possession conviction. We conclude that the record supports the trial court's conclusion that Petitioner entered the plea prior to being sentenced on the drug charge. Additionally, we find other evidence that supports the conclusion that Petitioner's plea was voluntarily and knowingly entered. Petitioner read and signed the petition to enter a plea of guilty. The guilty plea petition states that defense counsel advised Petitioner, and Petitioner understood the possible punishment for the offense to which she pled guilty. It clearly states that the offense is a Class E felony, which carries a range of punishment of one to six years. Furthermore, Petitioner is no stranger to the court system. She testified that she was serving a lengthy sentence of probation at the time she was sentenced as a Range II offender to twenty-five years for possession of a schedule II narcotic. She also testified that she had many prior felony convictions and had been sentenced as a Range III offender in the past. Petitioner admitted that she testified at the hearing on the first post-conviction petition that counsel advised her that the possible range of sentence for the failure to appear charge was one to six years. We agree with the trial court's conclusion that Petitioner has not shown that counsel's performance was deficient.

Because we conclude that Petitioner has failed to establish that the evidence preponderates against the trial court's findings that counsel was effective and her plea was voluntarily and

knowingly entered, we need not address the prejudice prong of Petitioner's claim of ineffective assistance of counsel. *See Goad*, 938 S.W.2d at 370.

**CONCLUSION**

The judgment of the trial court is affirmed.


_____
JERRY L. SMITH, JUDGE