IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs May 24, 2011

**STATE OF TENNESSEE v. JERRY MCGAHA**

**Appeal from the Circuit Court for Cocke County**
**No. 30,871     Ben W. Hooper, II, Judge**

---

**No.  E2009-02553-CCA-R3-PC - Filed December 7, 2011**

---

Petitioner, Jerry McGaha, pled guilty in the Cocke County Circuit Court to nine counts of rape of a child.  He was sentenced to twenty-five years on each count.  After imposing consecutive sentences, Petitioner received an effective sentence of fifty years.  After his direct appeal to this Court, his effective sentence was reduced to forty-six years.  *State v. Jerry McGaha*, No. E2001-01547-CCA-R3-CD, 2002 WL 499273, at *1 (Tenn. Crim. App., at Knoxville, Apr. 3, 2002).  After a delayed appeal to the supreme court, which was achieved through the filing of a petition for post-conviction relief, Petitioner filed a subsequent petition for post-conviction relief arguing that trial counsel was ineffective for failing to raise the issue that the enhancement of his sentence was illegal under *Apprendi v. New Jersey*, 530 U.S. 466 (2000).  The post-conviction court denied the petition.  On appeal, Appellant argues that he was afforded ineffective assistance of counsel because trial counsel failed to raise *Apprendi*.  We conclude that he must fail on this issue because at the time of the sentencing hearing our supreme court had held that *Apprendi* did not affect the Tennessee sentencing scheme.  Therefore, trial counsel could not be ineffective for failing to raise the issue.  Petitioner also argues that it was plain error for the trial court to not raise *Apprendi*.  Because this issue was not a basis for relief included in his petition, this issue is waived.  Therefore, we affirm the post-conviction court's denial of the petition for post-conviction relief.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court is Affirmed.**

JERRY L. SMITH, J., delivered the opinion of the court, in which ROBERT W. WEDEMEYER and D. KELLY THOMAS, JR., JJ., Joined.

Carter S. Moore, Newport, Tennessee, for the appellant, Jerry McGaha.

Robert E. Cooper, Jr., Attorney General and Reporter, Nicholas W. Spangler, Assistant Attorney General; James Dunn, District Attorney General, and Browlow Marsh, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

### Factual Background

The underlying facts were set out in Petitioner's direct appeal as follows:

> The statement of facts presented by the State at the plea hearing revealed that, on at least nine different occasions during the summer of 1999 and January of 2000, the thirty-four-year old Defendant forced the victim, his ten year old cousin, to perform oral sex on him and digitally penetrated the victim's anus. The Defendant threatened to kill the victim and the victim's family if he told anyone of the abuse. Once discovered, the Defendant confessed to the crimes.

> The Defendant pleaded guilty to nine counts of rape of a child. The plea agreement provided that the sentences for counts one through seven would run concurrently with one another and that the sentences for counts eight and nine would run concurrently with one another. The trial court was to determine the length of the sentences and whether the sentences for counts eight and nine should run consecutively to the sentences for counts one through seven.

*State v. Jerry McGaha*, No. E2001-01547-CCA-R3-CD, 2002 WL 499273, at *1 (Tenn. Crim. App., at Knoxville, Apr. 3, 2002). At a sentencing hearing, the trial court sentenced Petitioner to twenty-five years for each count with counts eight and nine running concurrently to each other, but consecutively to counts one through seven. *See id.* Therefore, Petitioner was sentenced to an effective sentence of fifty years.

On direct appeal, Petitioner argued that the trial court erred in applying two enhancement factors, the victim was particularly vulnerable because of age and the defendant abused a position of private trust, and in ordering that the sentences be served consecutively. *Id.* at *2-3. This Court held that the trial court erred in applying one of the enhancement factors, the victim was particularly vulnerable because of age, but the trial court was correct

in ordering consecutive sentences. *Id.* As a result, this Court modified Petitioner's sentence to twenty-three years for each conviction, and ordered the same sentences to be run concurrently and consecutively. *Id.* at *3. Therefore, Petitioner's effective sentence after appeal was forty-six years.

At this point, the procedural history becomes convoluted. This Court's opinion in the direct appeal was filed April 3, 2002. Apparently, Petitioner's appellate counsel on direct appeal did not attempt an appeal to our supreme court.[1] Petitioner subsequently filed a petition for post-conviction relief on May 19, 2005. On January 19, 2007, the trial court filed an order granting Petitioner's petition for post-conviction relief and granting permission to late-file an appeal to the supreme court. On May 14, 2007, our supreme court denied Petitioner's application for permission to appeal.

On October 11, 2007, Petitioner filed a pro se petition for post-conviction relief. On December 10, 2007, the post-conviction court filed an order entitled "Preliminary Order (Colorable Claim)." In this order, the post-conviction court stated that although this was Petitioner's second petition, the post-conviction court considered the claims presented as colorable because "the only relief afforded under the first petition was the granting of a delayed appeal."

On February 18, 2009, the post-conviction court held an evidentiary hearing. The hearing covered Petitioner's argument that he was afforded ineffective assistance of counsel because trial counsel did not raise the issue that his sentence was illegal under the United States Supreme Court opinion of *Apprendi*.[2] Trial counsel testified at the evidentiary hearing. He stated that at the time that Petitioner entered his guilty plea he was not aware of *Apprendi*. He admitted that he did not raise it at the time. Trial counsel stated that he was

---

[1] The technical record on appeal consists of all the documents filed in the post-conviction court following his petition for a delayed appeal to our supreme court. For the information between his direct appeal and the subsequent petition, we rely on the proceedings at the post-conviction evidentiary hearing at hand and the record on direct appeal, of which we can take judicial notice.

[2] In *Apprendi*, the United States Supreme Court held that, "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." *Id.* at 490. In *Ring v. Arizona*, 536 U.S. 584, 587 (2002), the Court applied *Apprendi* to hold that because Arizona conditioned eligibility for the death penalty upon the presence of an aggravating fact that was not an element of first degree murder, the Sixth Amendment guaranteed the defendant a right to a jury determination of that fact. Subsequently, in *Blakely v. Washington*, 542 U.S. 296 (2004), the Supreme Court determined that the "statutory maximum" sentence for *Apprendi* purposes is "the maximum sentence a judge may impose solely on the basis of the facts reflected in the jury verdict or admitted by the defendant." 542 U.S. at 301.

unsure of the time frame of *Apprendi*, but he believes that if it was in effect that he would have had an obligation to raise the issue because it would have been the law of the land. Trial counsel was of the opinion that trial court could not have enhanced Petitioner's sentence under *Apprendi* with any enhancement factor other than his prior criminal history of which he had none.

Trial counsel stated that the only problem he had representing Petitioner was an inability to "run him down" and "getting him into the office to interview him." However, he stated that eventually he was able to meet with him. Trial counsel and his staff investigated all leads given to them by Petitioner. They interviewed between five and ten witnesses in an attempt to locate an alibi witness. Trial counsel stated that he specifically told Petitioner that he was looking at a sentence of fifteen to fifty years.

Petitioner also testified at the hearing. He stated that trial counsel told him that his potential sentence was fifteen to twenty-five years and that trial counsel did not tell him that there was a potential for consecutive sentences. Petitioner thought his maximum sentence would be twenty-five years. He did admit that trial counsel explained that his sentence would be served at 100 percent service.

Petitioner also stated that trial counsel was ineffective for failing to notify him regarding filing his appeals. Petitioner admitted this mistake was later remedied by the delayed appeal. Petitioner stated that he believed trial counsel was ineffective for not raising a plain error issue when the case was initially appealed.

Petitioner also stated that he had problems with reading and writing. He did not go to school past the eighth grade.

Following the hearing, the post-conviction court denied the petition by an order filed March 9, 2009. The order stated the following:

> 1. Petitioner's Second Petition for Post-Conviction was timely filed; and
>
> 2. Petitioner's allegation of ineffective assistance of counsel is not supported by the proof; and
>
> 3. The sentences handed down by this Court were, and still are, proper sentences in light of <u>Apprendi</u>, <u>Blakely</u>, and <u>Gomez</u>; and
>
> 4. That the Petition for Post-Conviction Relief should be denied.

Petitioner filed a pro se notice of appeal on December 10, 2009.

## ANALYSIS

### State's Issues Concerning Petition Being Second Petition

We first address the State's argument that the post-conviction court properly dismissed the petition because the petition was the second petition for post-conviction relief. Initially, we point out that this fact was not the basis of the post-conviction court's dismissal of the petition. In fact, as quoted above, the post-conviction court specifically stated that the first petition requested a delayed appeal, which was granted and, therefore, there was no other relief granted other than the delayed appeal.

In *State v. Gibson*, 7 S.W.3d 47 (Tenn. Crim. App. 1998), this Court stated that when a petitioner files a petition for post-conviction relief asking for a delayed appeal, a subsequent petition is not barred by statute. This Court stated the following:

> In those situations where an appellant seeks post-conviction relief both in the form of a new trial and a delayed appeal, we believe the better procedure is for the trial court to grant the delayed appeal, when warranted, and dismiss the collateral attack upon the conviction without prejudice. We are cognizant of the statutory provision which contemplates the filing of only one petition for post-conviction relief from a single judgment. Tenn. Code Ann. § 40–30–202(c). This statute provides that if a petition has been resolved on its merits, a subsequent petition must be summarily dismissed. Tenn Code Ann. §§ 40–30–202(c); 40–30–206(b). Conversely, we interpret this to mean that those petitions not resolved "on their merits" are not subject to dismissal. *Id.* This procedure would allow the appellant to pursue his post-conviction relief after review from the supreme court. The order of the supreme court denying an application for permission to appeal pursuant to Rule 11 shall be deemed a final judgment and the petition for post-conviction relief must be filed within one year of the date of this order; otherwise, the petition is barred. Tenn. Code Ann. § 40–30–202.

*Gibson*, 7 S.W.3d at 50.

Therefore, the petition at issue in this appeal would not be considered a second petition subject to summary dismissal.

The State also argues that Petitioner's argument regarding ineffective assistance of counsel should be waived for failure to provide an adequate record as required by Rule 24 of the Tennessee Rules of Appellate Procedure. The State points out that the record does not contain a copy of the first petition for post-conviction relief. The State argues that this Court cannot determine whether the ineffective assistance of counsel argument has been previously ruled upon by the post-conviction court. However, as stated above, the post-conviction court specifically stated that the only issue ruled upon with the first petition was the delayed appeal. We conclude that the first petition asking for a delayed appeal is not necessary for review of the issue at hand and that the post-conviction court's statement is sufficient to demonstrate what was requested in the first petition. Therefore, Petitioner's issue is not waived for this reason.

### Dismissal for Failure to Timely File Notice of Appeal

The State also argues that Petitioner's appeal from the denial of his petition for post-conviction relief should be dismissed because Petitioner filed his notice of appeal on December 10, 2009, when the petition was denied on March 9, 2009, and he had thirty days from that date to file his notice of appeal.

On March 14, 2010, this Court filed an order responding to a motion to proceed pro se in his appeal from the post-conviction court's denial of his petition. In that order, we recited facts asserted by Petitioner in his motion including complaints concerning his dissatisfaction with his post-conviction attorney. Petitioner asserted that he repeatedly attempted to communicate with his attorney before the hearing on his petition, but he had no communication until the day of the hearing. After the hearing, he wrote her asking about the status of his appeal and received no response. On December 3, 2009, Petitioner discovered that a notice of appeal had not been filed on his behalf by contacting the appellate court clerk. On December 10, 2009, he filed a pro se notice of appeal to begin the appeals process. On March 22, 2010, Petitioner's post-conviction counsel filed a notice of appeal.

In response to Petitioner's request, this Court stated the following:

> The limited record available to this court is insufficient to determine whether the appellant's allegations regarding the total lack of communication between him and [post-conviction counsel] have merit, and whether [post-conviction counsel's] failure to file a Notice of Appeal timely was the result

of gross negligence or some other cause. What is clear is that the appellant has clearly and unequivocally expressed dissatisfaction with [post-conviction counsel's] representation at the outset of this appeal and, at the same time, has expressed a desire to represent himself. Under these circumstances, this court is compelled to remand this case to the post-conviction court for consideration of the appellant's motion to represent himself.

(citations omitted).

On June 10, 2010, the post-conviction court filed an order concerning the issues this Court ordered to be addressed on remand. The post-conviction court held that Petitioner had not waived his right to counsel knowingly and intelligently and that counsel should be appointed. The post-conviction court appointed counsel who is representing Petitioner on this appeal.

The State argues that the notice of appeal was nine months late and, therefore, the appeal should be dismissed. The State is correct in its assertion that Tennessee Rule of Appellate Procedure 4(a) mandates that a notice of appeal to this court shall be filed "within 30 days after the date of entry of the judgment appealed from . . . ." However, in criminal cases, "the 'notice of appeal' document is not jurisdictional and the filing of such document may be waived in the interests of justice." T.C.A. § 27-1-123; *see also* Tenn. R. App. P. 4.

In the case at hand, we conclude that timely filing of the notice of appeal should be waived. As stated above, this Court remanded the case to the post-conviction court for findings regarding the actions of Petitioner's post-conviction counsel and whether Petitioner should be allowed to proceed with his appeal pro se. The post-conviction court filed an order appointing counsel for Petitioner's appeal. Therefore, we conclude that this Court's remand and the lower court's subsequent appointment of counsel necessitates the waiver of the timely filing of the notice of appeal.

## Post–Conviction Standard of Review

The post-conviction court's findings of fact are conclusive on appeal unless the evidence preponderates otherwise. *See State v. Burns*, 6 S.W.3d 453, 461 (Tenn. 1999). During our review of the issues raised, we will afford those findings of fact the weight of a jury verdict, and this Court is bound by the post-conviction court's findings unless the evidence in the record preponderates against those findings. *See Henley v. State*, 960 S.W.2d 572, 578 (Tenn. 1997); *Alley v. State*, 958 S.W.2d 138, 147 (Tenn. Crim. App. 1997). This Court may not re-weigh or re-evaluate the evidence, nor substitute its inferences for those

drawn by the post-conviction court. *See State v. Honeycutt*, 54 S.W.3d 762, 766 (Tenn. 2001). However, the post-conviction court's conclusions of law are reviewed under a purely de novo standard with no presumption of correctness. *See Shields v. State*, 40 S.W.3d 450, 458 (Tenn. 2001).

## Ineffective Assistance of Counsel

When a petitioner seeks post-conviction relief on the basis of ineffective assistance of counsel, the petitioner bears the burden of showing that (a) the services rendered by trial counsel were deficient and (b) that the deficient performance was prejudicial. *See Powers v. State*, 942 S.W.2d 551, 558 (Tenn. Crim. App. 1996). In order to demonstrate deficient performance, the petitioner must show that the services rendered or the advice given was below "the range of competence demanded of attorneys in criminal cases." *Baxter v. Rose*, 523 S.W.2d 930, 936 (Tenn. 1975). In order to demonstrate prejudice, the petitioner must show that there is a reasonable probability that, but for counsel's deficient performance, the result of the proceeding would have been different. *See Strickland v. Washington*, 466 U.S. 668, 694 (1984). "Because a petitioner must establish both prongs of the test to prevail on a claim of ineffective assistance of counsel, failure to prove either deficient performance or resulting prejudice provides a sufficient basis to deny relief on the claim." *Henley v. State*, 960 S.W.2d 572, 580 (Tenn. 1997).

As noted above, this Court will afford the post-conviction court's factual findings a presumption of correctness, rendering them conclusive on appeal unless the record preponderates against the court's findings. *See id.* at 578. However, our supreme court has "determined that issues of deficient performance by counsel and possible prejudice to the defense are mixed questions of law and fact . . . ; thus, [appellate] review of [these issues] is de novo" with no presumption of correctness. *Burns*, 6 S.W.3d at 461.

Furthermore, on claims of ineffective assistance of counsel, the petitioner is not entitled to the benefit of hindsight. *See Adkins v. State*, 911 S.W.2d 334, 347 (Tenn. 1994). This Court may not second-guess a reasonably-based trial strategy, and we cannot grant relief based on a sound, but unsuccessful, tactical decision made during the course of the proceedings. *See id.* However, such deference to the tactical decisions of counsel applies only if counsel makes those decisions after adequate preparation for the case. *See Cooper v. State*, 847 S.W.2d 521, 528 (Tenn. Crim. App. 1992).

Petitioner argues that trial counsel was ineffective for failing to raise *Apprendi*, which was decided in 2000, at either the sentencing hearing held on June 25, 2001, or on direct appeal which was completed on April 3, 2002. He argues that his sentences would not have been enhanced under *Apprendi* because the trial court could not have legally applied the

enhancement factors used at sentencing or ordered consecutive sentences.  The State argues that *Apprendi* did not affect Tennessee's sentencing scheme until *Blakely v. Washington*, 542 U.S. 296 (2004).

This Court has previously held in a similar situation that trial counsel was not ineffective for failing to raise *Apprendi* at a sentencing hearing held on October 22, 2001. *Johnny Lee Lewis v. State*, No. M2009-01471-CCA-R3-PC, 2010 WL 4545805, at *10-11 (Tenn. Crim. App., at Nashville, Nov. 12, 2010), *perm. app. denied*, (Tenn. Mar. 9, 2011). This Court stated the following:

[A]n examination of the holding of *Apprendi* leads us to conclude that Trial Counsel cannot be found deficient for failing to raise this issue at the Petitioner's sentencing hearing.

In *Apprendi*, the Supreme Court held, "Other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt."  530 U.S. at 490.  It was not until *Blakely* and *Cunningham* [*v. California*, 549 U.S. 270 (2007)] that the Supreme Court explained what it meant by the "statutory maximum" sentence that *Apprendi* referred to.  In *Apprendi*, the defendant pleaded guilty a crime that was punishable by five to ten years in prison. *Id.* at 469-70.  However, he received an enhanced sentence of twelve years based on the application of a hate-crime statute. *Id.* at 471.  Given the facts of *Apprendi*, it would be reasonable to conclude that when the Court referred to a "statutory maximum," it was referring to the ten years of possible incarceration for the crime to which the defendant pleaded guilty. In fact, our supreme court interpreted *Apprendi* in just that way.

In 1991, Thomas Eugene Graham was convicted of aggravated rape, a Class A felony, aggravated kidnapping, a Class A felony, and aggravated burglary, a Class C felony. *See State v. Thomas Eugene Graham*, No. 03C01–9112–CR–00391, 1993 WL 218264, at *1 (Tenn. Crim. App., Knoxville, June 22, 1993).  Graham was given the maximum Range I sentences for each offense-twenty-five years for the Class A felonies and six years for the Class C felony. *Id.*  In 2002, the Tennessee Supreme Court examined Graham's case after lower courts had denied his motion to reopen a previous petition for post-conviction relief. *See Graham v. State*, 90 S.W.3d 687, 688-89 (Tenn. 2002).  Our supreme court examined whether the

maximum sentences imposed by the trial court, after it made a "finding of several enhancement factors," violated *Apprendi* because the enhancement factors had not been found by a jury beyond a reasonable doubt. *See id.* at 691-92. Our supreme court held that because Graham "received a sentence *within* the statutory maximum for each crime[,] . . . the trial court was well within its constitutional and statutory authority to consider enhancing factors for the purpose of sentencing without the assistance of the jury." *Id.* at 692 (emphasis in original). Given that, before *Blakely* and *Cunningham*, the Tennessee Supreme Court interpreted *Apprendi* in such a way that precludes a finding that the Petitioner's trial counsel was deficient in failing to raise the issue, we conclude that the Petitioner is not entitled to relief on this issue.

*Id.*

Therefore, because this Court has previously determined that trial counsel was not deficient for failing to raise *Apprendi* at a sentencing hearing before the United States Supreme Court's opinion in *Blakely*, we are constrained to determine that Petitioner's trial counsel was not ineffective for failing to raise *Apprendi* in the sentencing hearing.

## Plain Error

Petitioner also argues that "it was plain error for the court to not consider *Apprendi v. New Jersey* in the sentencing hearing." The issue, as presented, does not argue that trial or appellate counsel was ineffective for failing to raise the *Apprendi* issue pursuant to plain error.

This issue must be waived. In the lower court, Petitioner argued that he was afforded ineffective assistance of counsel because of trial counsel's failure to raise the Apprendi issue. Likewise, any issue as to whether the failure to apply *Apprendi* at the sentencing hearing must be restricted to whether trial counsel raised the issue. When a petitioner raises an issue for the first time on appeal, that issue is waived. *See Black v. Blount*, 938 S.W.2d 394, 403 (Tenn. 1996). In addition, a petitioner may not change theories between the lower court and the appellate court. *State v. Alder*, 71 S.W.3d 299, 303 (Tenn. Crim. App. 2001). Because Petitioner did not allege this issue in his post-conviction petition, the post-conviction court did not address this issue in its order. Therefore, this issue is waived.

## CONCLUSION

For the foregoing reasons, we affirm the post-conviction court's denial of the petition for post-conviction relief.

_____
JERRY L. SMITH, JUDGE