IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON

Assigned on Briefs March 1, 2016

**TERRY JAMAR NORRIS v. STATE OF TENNESSEE**

**Appeal from the Criminal Court for Shelby County**
**No. 97-08293    James C. Beasley, Jr., Judge**

_____

**No. W2015-00837-CCA-R3-PC  -  Filed June 29, 2016**

_____

Petitioner, Terry Jamar Norris, appeals the denial and dismissal of his petition for post-conviction relief, specifically asserting that the post-conviction court incorrectly dismissed his premature petition with prejudice and that his underlying McLaughlin/Huddleston issue is meritorious. After a thorough review of the record, we affirm the judgment of the post-conviction court denying and dismissing the petition for post-conviction relief.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

THOMAS T. WOODALL, P.J., delivered the opinion of the court, in which ROBERT L. HOLLOWAY, JR., and ROBERT H. MONTGOMERY, JR., JJ., joined.

Terry Jamar Norris, Nashville, Tennessee, Pro Se.

Herbert H. Slatery III, Attorney General and Reporter; Andrew C. Coulam, Assistant Attorney General; Amy P. Weirich, District Attorney General; and Karen Cook, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

**I. Background**

This case is procedurally complex. Petitioner was charged and convicted of the second degree murder of Keith Milem and received a twenty-one-year sentence. State v. Terry Norris, No. W2000-00707-CCA-R3-CD, 2002 WL 1042184, at *1 (Tenn. Crim. App. May 21, 2002), perm. app. denied (Tenn. Nov. 4, 2002), reh'g denied (Tenn. Feb. 3, 2003). Prior to trial, defense counsel filed a motion to suppress Petitioner's confession, arguing that (1) officers coerced Petitioner's confession by refusing to give him his medication until he gave a statement, and (2) Petitioner's initial refusal to sign a

waiver of rights form effectively invoked his right to counsel during questioning. Id. at *7. The motion was heard and overruled by the trial court. Id.

After Petitioner was convicted, he filed a motion for new trial presenting a third basis for the exclusion of his confession – that his confession was obtained as a result of an illegal detention, in violation of his Fourth Amendment rights. Id. Petitioner contended that the delay between the time of his illegal arrest and the judicial determination of probable cause was unreasonable and that he was detained unlawfully for the purpose of gathering additional evidence to justify the arrest. Id.

At the hearing on the motion for new trial, the trial court made specific findings concerning Petitioner's claim of an unreasonable delay. The court found:

> With regard to the Huddleston issues[,] . . . again, my recollection is, even under the circumstances in the argument, that the 48 hours had not expired at the time the officers charged [Petitioner].
>
> And, again, my recollection of the facts, and the record[ ] will obviously speak for [itself], was that he was talked to briefly on the night that he first came in. And the next day the officers did some work on the case, and then the next day he came in midday or mid afternoon, and they talked with him, and he gave a statement, and he was subsequently charged.
>
> And I don't find that there [were] any Huddleston violations or any Fourth Amendment violations. . . .
>
> . . . .
>
> I think the officers had reasonable suspicion to bring [Petitioner] in to question him about the case. I don't think that there was any ruse on their part. . . .
>
> In my opinion, the officers were doing a good investigative job by bringing [Petitioner] in and questioning him. And I don't find that they kept him too long or that they in any way violated his rights. So I find that that ground has no basis.

Id. at *9.

On direct appeal, Petitioner's counsel pursued two issues: (1) that Petitioner received ineffective assistance of counsel at trial because counsel failed to file a motion

to suppress Petitioner's confession based upon a violation of his Fourth Amendment rights and (2) that Petitioner received ineffective assistance of counsel at trial because his counsel argued a theory of defense to the jury that was contrary to Petitioner's wishes and testimony. Id. This court affirmed the trial court's judgment. The court determined that the officers had probable cause to arrest Petitioner and that Petitioner confessed within forty-eight hours of his arrest. Id. at *8-10. The court concluded that

> the trial court did not err by determining that the [Petitioner]'s confession was not obtained in violation of his Fourth Amendment rights and that it therefore was admissible at trial. We thus conclude that the [Petitioner]'s trial attorneys were not ineffective for failing to file a motion to suppress the [Petitioner]'s statement based on the length of time he was held in police custody without a warrant.

Id. at *10. Our supreme court denied Petitioner's application for permission to appeal, and a petition to rehear was also denied. Id. at *1.

Petitioner then filed a petition for post-conviction relief. Terry Jamar Norris v. State, No. W2005-01502-CCA-R3-PC, 2006 WL 2069432 (Tenn. Crim. App. July 26, 2006), perm. app. denied (Tenn. Dec. 18, 2006). Petitioner alleged that his "appellate counsel was ineffective for failing to show at [his] motion for new trial hearing that [his confession] was given more than 48 hours after his arrest in violation of State v. Huddleston." Id. at *8. The post-conviction court denied relief, finding that Petitioner could not claim that he was detained for a time period greater than forty-eight hours when the delay occurred due to his desire to speak with his mother before making his statement. Id. at *9. This court affirmed the post-conviction court on appeal. This court stated:

> Although the petitioner contends that his direct appeal would have turned out differently had appellate counsel showed that he was in custody more than forty-eight hours at the time he gave his statement to police, he has failed to meet his burden of showing that he actually was in custody more than forty-eight hours prior to giving his confession[.]

Id. at *9. Thereafter, our supreme court denied Petitioner's application for permission to appeal.

Petitioner next filed a petition for writ of habeas corpus in the United States District Court in which he argued that he was "entitled to a writ of habeas corpus due to ineffective assistance of trial and appellate counsel." Terry Jamar Norris v. Jerry Lester, Warden, 545 Fed. Appx. 320, 321 (6th Cir. 2013). Petitioner asserted that "trial counsel

3

was ineffective for failing to argue that his confession was obtained pursuant to an illegal arrest and that his appellate counsel was ineffective for failing to argue that his confession was obtained after the violation of his constitutional right to a prompt probable-cause determination." Id. The district court found that Petitioner's claims lacked merit and denied Petitioner a certificate of appealability. Id. at 323. With regard to Petitioner's claim against appellate counsel, the "McLaughlin/Huddleston" claim, the district court found that "[Petitioner] . . . cannot overcome his failure to demonstrate that he was actually in custody more than forty-eight hours before giving his confession." Id.

Petitioner nonetheless appealed and was granted a certificate of appealability by the United States Court of Appeals for the Sixth Circuit. Id. As to Petitioner's claim regarding his illegal arrest and trial counsel's ineffectiveness, the Sixth Circuit concluded that this court's prior determination that there was probable cause for Petitioner's arrest (and therefore no merit in his illegal arrest ineffective-assistance claim) was not contrary to clearly established federal law. Id. at 326.

However, as to Petitioner's claim regarding the length of his subsequent detention and appellate counsel's ineffectiveness, the Sixth Circuit viewed this court's determination that Petitioner confessed within forty-eight hours of his arrest as "an unreasonable determination of [the] fact[s]" even if one were to "resolv[e] all testimony conflicts in favor of the government." Id. at 328. Appearing to undertake a factual analysis of its own, the Sixth Circuit surmised that, because Petitioner was already at the police station at 7:30 p.m. on March 11, in order to find that he was in custody for less than forty-eight hours before confessing would require that the "police took less than ten minutes to tell him he was being taken into custody, handcuff him, place him in the back of the cruiser, drive him five-and-a-quarter miles, bring him into the police station, and begin their interview." Id. The Sixth Circuit found such scenario to be implausible. Id.

Having reached this conclusion, the Sixth Circuit considered whether there was prejudice or, in other words, whether the Tennessee court would have found that the confession was "fruit of the poisonous tree" and suppressed it. Id. The Sixth Circuit noted that the burden shifted to the government to show the purpose of the delay in the probable cause hearing, that some evidence "suggest[ed] that officers kept [Petitioner] detained to gather additional evidence" and that there was no alternative explanation for the delay contained in the record. Id. at 328-29. The Sixth Circuit concluded that "there is a reasonable probability that the confession would have been suppressed if [Petitioner]'s appellate counsel had raised the McLaughlin issue in a reasonably competent manner and persuaded the court on direct appeal that [Petitioner]'s pre-confession detention was longer than 48 hours." Id. Accordingly, the Sixth Circuit "grant[ed] the petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254(d), unless

4

the Respondent reopens [Petitioner]'s appeal within 180 days to allow him to raise the McLaughlin issue on direct appeal." Id.

Following the issuance of the conditional writ, the State reopened Petitioner's appeal to allow him to raise the McLaughlin issue. State v. Terry Norris, No. W2000-00707-CCA-R3-CD, 2014 WL 6482823, at *12 (Tenn. Crim. App. Nov. 18, 2014), remanded for further consideration (Tenn. Apr. 22, 2015). This court considered whether Petitioner's detention violated the holdings of Huddleston and McLaughlin, but it did so under a plain error review because Petitioner had not raised the issue before or during trial. Id. at *12-17. This court concluded that Petitioner was not entitled to plain error relief. Id. at *17. However, our supreme court remanded the case back to this court on April 22, 2015, with the direction that the issue be considered under plenary, not plain error, review. State v. Terry Norris, No. W2000-00707-CCA-R3-CD, 2015 WL 5720430, at *1 (Tenn. Crim. App. Sept. 30, 2015). On September 30, 2015, this court did so and determined that Petitioner had not established that his detention violated the holdings of Huddleston and McLaughlin. Id. at *1, *11-15. On December 1, 2015, Petitioner filed an application for permission to appeal to the Tennessee Supreme Court, which it denied on March 23, 2016.

Meanwhile, on March 30, 2015, Petitioner had filed another petition for post-conviction relief. In that petition, Petitioner alleged that his trial counsel were ineffective for failing to raise the Huddleston/McLaughlin issue pretrial. Petitioner noted in his petition that his direct appeal was not yet final.

On April 27, 2015, the post-conviction court dismissed the petition without a hearing, not specifying whether the dismissal was with or without prejudice. The court's first reason for dismissing the petition was that "the matter is still on appeal and cannot be heard at this time." The court's second reason for dismissing the petition was that the ineffective assistance of counsel claim was litigated in the first direct appeal and also that this court had decided the Huddleston/McLaughlin issue against Petitioner multiple times. Petitioner filed a timely notice of appeal.

## II. Analysis

In a post-conviction proceeding, the burden is on the Petitioner to prove his grounds for relief by clear and convincing evidence. T.C.A. § 40-30-110(f); see Dellinger v. State, 279 S.W.3d 282, 293-94 (Tenn. 2009).

Petitioner asserts that the post-conviction court incorrectly dismissed his premature petition with prejudice and that his underlying McLaughlin/Huddleston issue is meritorious. We conclude, however, that Petitioner is not entitled to relief.

At the time the post-conviction court dismissed the petition on April 27, 2015, Petitioner's direct appeal had not concluded. The Tennessee Supreme Court had remanded the direct appeal case to this court for further consideration on April 22, 2015, and this court's opinion pursuant to this remand was not filed until September 30, 2015. A Petitioner may not file a post-conviction petition until the final judgment of the highest court has been entered. See T.C.A. § 40-30-102(a). "[A] petition for post-conviction relief, complaining of the original conviction and sentence, may not be maintained while a direct appeal of the same conviction and sentence is being prosecuted." Gibson v. State, 7 S.W.3d 47, 49 (Tenn. Crim. App. 1998). Because the petition for post-conviction relief was filed prematurely, the post-conviction court did not err in dismissing it accordingly. See id. at 50. Pursuant to Gibson, the post-conviction petition was dismissed on this ground without prejudice, because it was not dismissed for this particular reason on the merits.

Although we do not have to address the second reason the trial court dismissed the petition, we will do so in the event of further review. As to the second basis the post-conviction court relied upon to summarily dismiss the petition, the post-conviction court erred. The post-conviction court erroneously dismissed the post-conviction petition on the basis that Petitioner has previously litigated ineffective assistance of counsel in his direct appeal. It is correct that raising a claim of ineffective assistance of counsel as an issue on direct appeal generally bars a petitioner from raising it again on post-conviction review. Thompson v. State, 958 S.W.2d 156, 161 (Tenn. Crim. App. 1997). There may, however, be exceptions, such as the one in Thompson when "our supreme court has deliberately abstained from ruling on whether some of the factual allegations entitle the petitioner to relief." Id.

Actually, Petitioner's direct appeal of his conviction was reopened by the State upon the Sixth Circuit Court of Appeals' judgment granting conditional habeas corpus relief. State v. Terry Norris, No. W2000-00707-CCA-R3-CD, 2015 WL 5720430 (Tenn. Crim. App. Sept. 30, 2015) at *11. Thus, the ground of a presentation of ineffective assistance of counsel in a direct appeal prior to filing a post-conviction petition is not appropriate to summarily dismiss on the merits Petitioner's latest post-conviction petition, which is the subject of the instant appeal.

However, as to the precise issue (illegal detention prior to obtaining a confession), which Petitioner asserts trial counsel rendered ineffective assistance of counsel by failing to raise was in fact raised in his reopened direct appeal and was resolved against him. Id., 2015 WL 5720430 at *14-15. Accordingly, even if trial counsel in the initial direct appeal rendered deficient performance by failing to raise the issue, the issue was

ultimately addressed by plenary review in this court. Petitioner is not entitled to relief in this appeal.

## III. Conclusion

After a review of the record on appeal, we affirm the judgment of the post-conviction court denying and dismissing the petition for post-conviction relief.

_____
THOMAS T. WOODALL, PRESIDING JUDGE